IRVING T. BUSH, Appellant, *v.* JOHN O'BRIEN et al., Respondents, Impleaded with Others.

1. NEW YORK CITY — UNAUTHORIZED OFFER OF JUDGMENT BY CORPORATION COUNSEL — TAXPAYER'S ACTION. The corporation counsel of the city of New York has no power, either by virtue of his retainer or under the charter (L. 1897, ch. 378, § 255), to make an offer of judgment in an action against the city, and his affidavit under section 740 of the Code of Civil Procedure that he is duly authorized to make it in behalf of the party, is "an illegal official act" within the clear wording of the statute (L. 1892, ch. 301), authorizing a taxpayer to bring an action "to prevent any illegal official act on the part of any officer of any * * * municipal corporation in the state," and an action may be maintained thereunder to restrain the judgment creditors from collecting and the comptroller from paying a judgment entered upon such offer.

2. TAXPAYER CANNOT INTERPOSE AND APPEAL IN ACTION AGAINST THE CITY. A taxpayer has no right to interpose and appeal in an action

in which a person has obtained a judgment against a city on a claim for damages.

3. Taxpayer's Action to Restrain Illegal Official Act — Proof Required. In order to maintain a taxpayer's action to restrain the collection and payment of a judgment entered against the city on an offer of judgment by the corporation counsel, upon the ground that his affidavit that he was duly authorized to make such offer was an illegal official act, it is not necessary for the plaintiff to show that the city was not justly indebted in the amount stated in the judgment, since the action is brought under the provision of the statute authorizing a taxpayer's action to prevent an "illegal official act" and not under the provision authorizing an action "to prevent waste."

4. Appeal — When Question is not Academic. An enactment by the legislature prohibiting in express terms the corporation counsel of the city of New York from making an offer of judgment against the city, does not render the question of the power of a corporation counsel to confess judgment academic as to cases arising prior to its passage or as to cases arising in other cities of the state.

*Bush* v. *O'Brien,* 47 App. Div. 581, reversed.

(Argued June 5, 1900; decided October 2, 1900.)

Appeal, by permission, from an interlocutory judgment of the Supreme Court, entered April 9, 1900, upon an order of the Appellate Division in the first judicial department, made February 9, 1900, affirming a judgment sustaining a demurrer to the complaint, entered upon a decision of the court on trial at Special Term.

The nature of the action, the question certified and the facts, so far as material, are stated in the opinion.

*Frederic R. Kellogg* for appellant. The statutes permit a taxpayer to obtain redress for any illegal official act, whether resulting in a judgment or otherwise, and do not require any proof of fraud or collusion. (*Osterhoudt* v. *Rigney,* 98 N. Y. 223; *Talcott* v. *City of Buffalo,* 125 N. Y. 280; *Ziegler* v. *Chapin,* 126 N. Y. 342; *Rogers* v. *O'Brien,* 153 N. Y. 357; L. 1892, ch. 301; *Ayres* v. *Lawrence,* 59 N. Y. 192; *Warrin* v. *Baldwin,* 105 N. Y. 537; *Peck* v. *Belknap,* 130 N. Y. 398; *Parfitt* v. *Ferguson,* 3 App. Div. 183; *Blaschko* v. *Wurster,* 156 N. Y. 437; *Barr* v. *Denniston,* 19 N. H. 180.) The motion made by the corporation counsel upon other grounds than those herein advanced to set aside these judg-

ments is no bar to the maintenance of this action. (Freeman on Judgm. § 511; *Riggs* v. *Purcell*, 74 N. Y. 370; *Keck* v. *Werder*, 86 N. Y. 264; *Dutton* v. *Smith*, 10 App. Div. 566; *Blank* v. *Blank*, 107 N. Y. 91; *York* v. *Texas*, 147 U. S. 15; *Ashton* v. *City of Rochester*, 133 N. Y. 193.) No power would exist in any private attorney, by virtue of his retainer, and without the express approval of his client, to enter into any such compromise agreement or to make any such offers of judgment. (Code Civ. Pro. § 1274; *Mandeville* v. *Reynolds*, 68 N. Y. 540; *Barrett* v. *T. Ave. R. R. Co.*, 45 N. Y. 628; *Lewis* v. *Duane*, 141 N. Y. 314; 3 Am. & Eng. Ency. of Law, 362.) Under the provisions of the Consolidation Act, in force at the time of the entry of these judgments, the corporation counsel not only received no express grant of greater power than that of a private attorney with regard to the settlement, adjustment and compromise of claims and the making of offers of judgment, but, on the other hand, such powers were specifically lodged in the comptroller. (L. 1882, ch. 410, § 123; *McGinness* v. *Mayor, etc.*, 26 Hun, 142.) The corporation counsel did not possess greater powers to compromise claims, etc., than a private attorney. (*O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; *People ex rel.* v. *Mayor, etc.*, 11 Abb. Pr. 66; *Collins* v. *Vil. of Saratoga Springs*, 70 Hun, 587; *Bank of Commerce* v. *Louisville*, 88 Fed. Rep. 403; *L. T. Co.* v. *Stone*, 88 Fed. Rep. 408; *R. R. Co.* v. *Stephens*, 36 Mo. 150; *Ohlquest* v. *Farwell*, 71 Iowa, 231; *Stone* v. *Bank of Commerce*, 174 U. S. 412.) No such power in the corporation counsel can be established by inferences from the provisions of the Consolidation Act; and on the contrary all such inferences support our contention. (*Vil. of Fort Edward* v. *Fish*, 156 N. Y. 372; *Collins* v. *Vil. of Saratoga Springs*, 70 Hun, 586; *District of Columbia* v. *Bailey*, 171 U. S. 176.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondents. In the absence of any allegation of fraud and collusion between the parties in the concoction of the judgments entered they were not void, but at most voidable on the ground of irregularity.

(*O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; *Pray* v. *Hegeman*, 98 N. Y. 351; *Marsh* v. *Masterson*, 101 N. Y. 406; *Bell* v. *Merrifield*, 109 N. Y. 202; *C. P. Co.* v. *Walker*, 114 N. Y. 7; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Culrose* v. *Gibbons*, 130 N. Y. 447; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *B. C. Inst.* v. *Bitter*, 87 N. Y. 250; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328.) The plaintiff, suing in his capacity as a taxpayer of the city of New York, is equally bound by the decision rendered on the former motion as if he had been a party to that motion. (1 Dillon on Mun. Corp. 70, § 40; *Alexander* v. *Donohue*, 143 N. Y. 203; *Ashton* v. *City of Rochester*, 133 N. Y. 187.) There is not even an allegation of fraud or collusion between the parties in the making of the compromise and settlement referred to in the complaint, and in the absence of such allegations, the plaintiff, as a taxpayer, is not entitled to maintain this action in any event. (*Talcott* v. *City of Buffalo*, 120 N. Y. 280; *Ziegler* v. *Chapin*, 126 N. Y. 342; *Rogers* v. *O'Brien*, 153 N. Y. 357.) The plaintiff is not entitled to maintain this action in any event because there are no facts alleged which show that the alleged illegal official acts involved a waste of the city's funds. (*O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; *Rogers* v. *O'Brien*, 153 N. Y. 357; *Talcott* v. *City of Buffalo*, 125 N. Y. 280.) The counsel to the corporation was the proper officer of the mayor, aldermen and commonalty of the city of New York to make compromise and settlement of suits pending against it. (L. 1900, ch. 284; *O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; 160 N. Y. 35; *Bush* v. *Coler*, 24 Misc. Rep. 368; *Mark* v. *City of Buffalo*, 87 N. Y. 184; *People ex rel.* v. *Common Council*, 85 Hun, 601; *People* v. *Stephens*, 52 N. Y. 306; *People ex rel.* v. *Coler*, 34 App. Div. 167; *McGinness* v. *Mayor, etc.*, 26 Hun, 144; *City of Johnstown* v. *Rodgers*, 20 Misc. Rep. 262; *Matter of Lorillard*, 13 N. Y. Supp. 83; *Stone* v. *Bank of Commerce*, 174 U. S. 409.)

HAIGHT, J. The defendants O'Brien, Clark and Brown interposed a demurrer to the plaintiff's complaint upon the

ground that it does not state facts sufficient to constitute a cause of action, and the question certified is, does the complaint state sufficient facts, etc.

The action was brought by the plaintiff as a taxpayer of the city of New York to restrain the demurring defendants from collecting, and the comptroller of the city from paying, certain judgments which the demurring defendants had obtained against the city of New York, amounting in the aggregate to $700,000.00. The complaint alleges that these judgments were obtained and entered upon offers executed and verified by the corporation counsel and accepted by the demurring defendants. The complaint further alleges that the offers of the judgments made by the corporation counsel were not authorized by the comptroller, the mayor or by the aldermen and commonalty of the city; that the corporation counsel had no authority or power to make the offers, and that the judgments entered thereupon were illegal and void.

The first and, to our minds, the important question raised for review relates to the power of the corporation counsel. He appears to have made the offers to allow judgments to be entered in the actions then pending against the city, pursuant to the provisions of section 738 of the Code of Civil Procedure, which authorizes the defendant, before trial, to serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum specified. Section 740 of the Code provides that " Unless an offer or an acceptance made as prescribed in either of the last four sections is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit, to the effect, that he is duly authorized to make it, in behalf of the party." This provision of the Code appears to have been complied with, the corporation counsel verifying the offer made by him. The papers, therefore, upon which the judgments were entered all appear to be regular and upon their face show valid judgments. It is charged, however, in the complaint that the corporation counsel, in fact, had no authority to make the offers, and, consequently, his affidavit to the effect that he was authorized was false.

If the verification by the corporation counsel was false, it was an illegal act on his part, and the case is brought within the clear wording of the statute which authorizes a taxpayer to bring an action "to prevent any illegal official act" on the part of any officer of any county, town, village or municipal corporation in the state. (Laws 1892, chapter 301.) The question presented does not call for a review of a board of audit, or of a board of assessors, or other judicial body who have passed upon the merits of a claim, such as was considered in the case of *Osterhoudt* v. *Rigney* (98 N. Y. 222) and other kindred cases, but is limited to the question of power. If the corporation counsel had no authority to make the offers, he had no power do so. If he had no power to make them, it, of necessity, follows that the judgments were not only irregular, but were unauthorized.

In the first place, as bearing upon the power of an attorney to make an offer of judgment, we have the very significant provisions of section 740 of the Code above quoted. By its provisions, if the offer is not signed by the party it must be by his attorney, and he must annex thereto his affidavit to the effect that he is authorized by the party to make the offer, thus indicating that the authority to make the offer must be other than that of the ordinary retainer by a party to prosecute or defend an action. If the attorney has the power to make or accept an offer of judgment by virtue of his retainer, then the provision of the Code requiring him to annex his affidavit is useless and unnecessary. But we think this question has been settled in this state and that the Code but recognized the existing rule. In the case of *Gaillard* v. *Smart* (6 Cowen, 385), Savage, Ch. J., delivered the opinion of the court, holding that while an attorney, by virtue of his retainer, had the power to discontinue an action, he had no power to release the cause of action. In *Barrett* v. *Third Avenue R. R. Co.* (45 N. Y. 628, 635), Allen, J., says: "The authority of the attorney does not extend to a compromise or release. He may discontinue an action, because that relates to the conduct of the suit, and is within his retainer, and not

to the cause of action. An attorney cannot settle a suit and conclude the client in relation to the subject in litigation, without his consent." (Citing *Shaw* v. *Kidder*, 2 How. Pr. 244; *Lewis* v. *Gamage*, 1 Pick. 347.) In the case of *Beers* v. *Hendrickson* (45 N. Y. 665, 669), GROVER, J., says " An attorney is not authorized by his retainer to satisfy a judgment without payment, and if he does so, the court will set such satisfaction aside." In *Mandeville* v. *Reynolds* (68 N. Y. 528, 540), FOLGER, J., in delivering the opinion of the court, after referring to the ruling of the court below to the effect that the attorneys in the action had no power to compromise the judgment and release the defendant unless authority was expressly given to them by the plaintiff, says : " In holding thus, I think that the court was right. An attorney is not authorized by his retainer to satisfy a judgment without payment, and if he does so, the satisfaction will be set aside. The authority of an attorney does not extend to a compromise or a release. He cannot settle a suit, and conclude his client in relation to the subject in litigation without consent of the latter." In *Arthur* v. *Homestead Fire Insurance Co.* (78 N. Y. 462) it was held not to be within the scope of the authority of an attorney in an action to change the rights of his client except so far as it may be done in the action. He cannot justify the commencement of another action or create a cause of action against his client which did not before exist. In *Lewis* v. *Duane* (141 N. Y. 302) it was held that an attorney employed to foreclose a mortgage has no implied authority in the matter to compromise the rights of his client and make nugatory the duty he was employed to perform.

There are numerous other cases which might be cited of the same import, but we think those referred to justify our previous assertion, that the question has long been settled. It is claimed, however, that the powers of a city attorney, or corporation counsel, differ from those of an attorney employed by an individual. They undoubtedly do if the charters under which they are elected or appointed gives to them greater or

different powers, otherwise not.    This question has also been considered by the courts.    In the case of *Taylor* v. *Mayor*, *etc.* (11 Abbott's Pr. 66), it was held that the corporation counsel of the city of New York had no larger powers, as such, to bind his client than those connected with the ordinary relations of attorney and client.    And very recently, in the Supreme Court of the United States, in the case of *Stone* v. *Bank of Commerce* (174 U. S. 412, 423), PECKHAM, J., in delivering the opinion of the court, says: " We are also of the opinion that, as city attorney, he had no greater power to bind the city by that agreement than would an attorney have in the case of an individual."

We are thus brought to a consideration of the charter of the city of New York.    Section 255 creates a law department, the head of which shall be called the corporation counsel, " who shall be  the attorney and counsel for the city of New York, the mayor, the municipal assembly and each and every officer, board and  department of said city." . It further provides that he shall " have charge and conduct of all the law business of the corporation and its departments and boards, and all law business in which the city of New York is interested."    There are other special powers given to him with reference to the opening of the streets, etc., which have no bearing upon the question under consideration.    If he has any power to settle and audit claims against the city, it must be found in the provisions of the charter quoted.    A careful examination of these provisions fails to satisfy us that the legislature intended to invest the corporation counsel with any other or greater power than that of an attorney employed by an individual to take charge of his legal business.    The charter also has created a finance department, of which the comptroller is the head, to whom has been given the express power " to settle and adjust all claims in favor of or against the corporation, and all accounts in which the corporation is concerned as debtor or creditor." (Section 149.)    The power to settle and adjust, therefore, appears to have been vested in the comptroller, and not in the corporation counsel.    This con-

struction leaves each officer supreme in his own department. The comptroller determines whether a claim shall be compro-- mised or not ; if it is not compromised, the corporation coun- sel has the supreme power of determining the nature of the defense that shall be interposed to any action that shall be brought thereon, but not to compromise. If it had been intended to give the corporation counsel power to compromise claims rejected by the comptroller, without his knowledge or consent, then the corporation counsel would, in effect, become the superior of the comptroller, for all of the comptroller's determinations with reference to the audit of claims would be subject to review by the corporation counsel. Clearly this was not intended.

It is claimed that we held otherwise in the case of *O'Brien* v. *Mayor, etc.* (160 N. Y. 691). We do not so understand that decision. That case is reported below in 40 App. Div. 331. The facts, as stated in the opinion, are to the effect that the settlement was made by the corporation counsel " with the assent, approval or acquiescence first obtained of every munic- ipal officer and department having to do with the subject, or having knowledge of the question involved, or who were competent to aid the city in reaching a conclusion as to whether it was wise to make a compromise, and for what amount." The question certified to this court in that case is as follows : " Had the counsel to the corporation, with the con- currence and upon the recommendation of the mayor, the comp- troller and the aqueduct commissioners, the chief engineer of the aqueduct commission and the special counsel retained by the city in the particular case, power to offer to confess judgment against the defendants in an action brought to recover an amount claimed to be due to plaintiffs upon a con- tract, made under chapter 490, Laws of 1883, and where there was an actual controversy between the contractors (the plain- tiffs in the action) and the defendants as to the amount due the plaintiffs under the said contract for a sum of money very much less than that claimed by the plaintiffs in the action, and where the counsel to the corporation and the other public

officials named, being all of the public officials who had any authority or power under the statute creating the aqueduct commissions or under the other statutes in force at the time the offer was made in relation to the subject-matter of the contract, approve of the offer of judgment as a settlement of the controversy advantageous to the city of New York, and where, as a fact, such a settlement was advantageous to the city, the offer of judgment having been made and accepted by the plaintiffs and judgment entered thereon upon the 27th day of December, 1897 ?" The question was answered by us in the affirmative, and properly so, for in the question it distinctly appears that the compromise was made with the concurrence of the comptroller, etc.

The Appellate Division appears to have entertained an impression that a taxpayer had the right to interpose and appeal in an action in which a person has obtained a judgment against the city on a claim for damages. We know of no such authority. This is not an action in which the plaintiff is seeking to set aside an assessment against his own property and thus remove a cloud therefrom, but is brought under the statute to restrain an official illegal act.

It is contended that the question discussed as to the power of the corporation counsel to confess or make offer of judgment against the city is purely academic, so far as this court is concerned, for the reason that the legislature has enacted that he shall not have it. It appears, however, that the judgment in this case was entered, and, if report be true, numerous other transactions of a similar character took place, before the legislature took action in the matter. The act was local, having reference to the city of New York, and certainly the question cannot be academic in so far as it is involved in this case, or in other cases arising before the passage of the act, or in other cities of the state.

It is also contended that a taxpayer cannot maintain an action to restrain the payment of a judgment against the city without showing that the city was not justly indebted in the amount stated in the judgment. If this be so, then a treas-

urer who is authorized by statute to pay out the money in his custody only upon a warrant of the comptroller, should he see fit to disregard the statute and pay over the public moneys upon the order of any other officer, thus completely ignoring the comptroller, the taxpayers could not interfere to restrain his unlawful acts. The statute under which this action was brought authorizes a taxpayer to bring an action to prevent waste, and also to prevent an official illegal act. If the action was based upon the provision of the statute " to prevent waste," then it would be necessary to show that the city was not justly indebted in the amount stated in the judgment, for if it was, there could be no waste. This action, however, was brought under the other provision of the statute, to prevent an official illegal act. The act complained of, as we have seen, was a false affidavit made by the corporation counsel. He may have supposed that he had authority to make it and intended no wrong. Still, if the allegations of the complaint are true, it was, in fact, false, and as such was a constructive fraud upon the public.

The question certified should be answered in the affirmative, the interlocutory judgment reversed and the demurrer overruled, with costs in all the courts, with leave to the defendants to answer in twenty days upon payment of the costs.

PARKER, Ch. J. (dissenting). The question whether the corporation counsel should, or not, have the power to confess judgments against the city is purely an academic one, so far as this court is concerned, for the legislature has enacted that he shall not have it. Hence, there is no excuse for straining in order to establish the same rule by decision, for the enactment of the legislature is as effective without as with a decision of this court. And yet such a holding is vigorously contended for, although its accomplishment would create a precedent hitherto unknown to our jurisprudence, viz., that a taxpayer may have a judgment against a city set aside in equity without showing that it was obtained through fraud or collusion, and without even questioning that the city was justly

indebted in an amount stated in a judgment which was rendered by a court having jurisdiction of both the parties and the subject-matter. This the city cannot do and no more can the taxpayer, for he acquires by the statute — not greater powers than the municipal authorities — but the right to do what the latter may, but neglects or wrongfully refuses to do. The purpose of the statute is to enable the taxpayer to prevent waste of the public funds, not to add to the public burdens by bringing suits to correct the pinholes in the procedure by which the rights of the city and its opposing litigants are justly determined. So the foundation of any such cause of action must rest in the fact that the municipality is about to be compelled to pay that which it does not owe, and it must be pleaded. Here there is no such allegation either in substance or effect, the complaint proceeding on the theory that it is one of the rights of a taxpayer under the statute to have a judgment set aside for a mere irregularity. That it is an irregularity of which the plaintiff complains and nothing more is apparent on the very first attempt to analyze it. To speak of the judgment as being founded on an act which was without power may at first convey an impression to the mind that, therefore, it is void ; but such effect can be but momentary, for the so-called lack of power is found to be, not in the court, which had jurisdiction of both the parties and the subject-matter, but in the officer, who presumed to make and verify the offer of judgment. Some other officer than the corporation counsel should have made the admission, it is said, to wit, the comptroller. The corporation counsel supposed he had authority and made affidavit to that effect, so that the proceedings were, on their face, regular. Now, whenever it happens that judgments are entered on insufficient evidence, or without evidence, or on perjured evidence, or on admissions of counsel not authorized, the judgments are not void, they are only irregular. It is elementary law that where the court has jurisdiction of the subject-matter and the parties are before it by due service of proper process, the jurisdiction is never ousted by the erroneous exercise of the power which it confers,

which may be of such a character as to occasion reversal on appeal, or call for an order setting it aside on motion, but the judgment is not void. (Black on Judgments, vol. I, 215, 244.) The judgments in question were not entered on confession, but in actions in the Supreme Court wherein the court had acquired jurisdiction before the offer of judgment was made, and the judgment entered thereon was valid, although it be conceded that the corporation counsel had no right to make the affidavit without the direction of the comptroller. As it is a valid judgment the taxpayer who seeks to set it aside must at least show merits. Independently of statute, it has always been the practice of our courts from the earliest times, in cases wherein the setting aside of a judgment for irregularity is sought, to require it to be shown that the judgment, as it stands, is unjust and the defense meritorious. This complaint shows nothing of the kind. It does not allege that the city has suffered, or will sustain, injury because of the entry of the judgment, nor is it even hinted in the complaint that the entry of the judgment was due to fraud or collusion. To have proved all the facts alleged in the complaint, therefore, would not have entitled the plaintiff to a judgment setting aside the judgment complained of, and, hence, the demurrer to it was properly sustained.

While concurring generally in the views expressed by Judge O'Brien, I desire, by this memorandum, to call special attention to a rule of universal application, the integrity of which is now threatened.

O'Brien, J. (dissenting). The plaintiff, as a taxpayer of the city of New York, brought this action against the city and the comptroller, in his official capacity, to restrain them from paying certain judgments recovered against the city by the other defendants composing the firm of O'Brien & Clark and Brown, Howard & Co. All of the defendants interested in the judgments demurred to the complaint on the ground that it did not state a cause of action. The demurrer has been sustained in the courts below, and the only question

involved in the appeal to this court is whether, upon the facts appearing on the face of the complaint, the plaintiff has any cause of action.

The complaint contains the necessary averments to qualify the plaintiff as a taxpayer, and then states the following facts:

(1) That the several defendants representing the firms named procured judgments to be entered in the Supreme Court on the 27th of December, 1897, for various sums, which are separately stated, amounting in the aggregate to $700,000.

(2) That the judgments were entered upon claims arising out of the construction of the new aqueduct.

(3) That said judgments were entered in actions in favor of the said firms and the members thereof against the city upon offers of judgment for the respective amounts stated in each case executed and verified by the corporation counsel in behalf of the city, claiming to have authority in that behalf; that the offers were accepted by the parties so bringing the actions, and upon such offers and acceptances the judgments were entered.

(4) That the judgments were not entered by any other authority, and upon information and belief the corporation counsel had no power to make the offers and that his acts in that respect are void.

(5) That the parties procuring the judgments had demanded payment of the same from the comptroller and had threatened to commence legal proceedings to collect and enforce the same, to the damage of the city and the waste of its estate.

(6) It is averred, upon information and belief, that the corporation counsel has been requested to move in said actions to vacate the judgments upon the ground "hereinbefore stated," but that he has not done so, and the motion was based on other grounds to the exclusion of the grounds "herein set forth," and that the motions were denied and the order denying the same affirmed on appeal, and, upon information and belief, that the plaintiff has no other remedy at law or in equity to prevent the injury complained of. Then fol-

lows the demand for relief, to the effect that the several judgments be vacated and that an injunction issue restraining the payment thereof.

It is believed that every material fact contained in the complaint is embraced in the foregoing statement. It is not alleged or claimed that there was any collusion, fraud or bad faith in the transaction on the part of any one. It is not even alleged that the claims upon which the judgments were entered were infected with any vice whatever, or that they were not justly due to the claimants. The plaintiff's sole claim is, not that the judgments or any of them are founded upon any illegal, fraudulent or unjust demand, or that the creditors or the city officers who made the offer of judgment acted fraudulently or collusively, but that the judgments were not regularly entered, since the corporation counsel was without power to make the offer. The relief demanded is solely against an irregular judgment, and whether it is such or not is a matter of law depending upon the power of the corporation counsel as an attorney and a public official. There is no law that permits a taxpayer to interfere by action to vacate a judgment against a city solely on the ground of some irregularity in the procedure by which it was entered.

For aught that appears in the complaint the corporation counsel offered to allow judgment in an action against the city founded upon a just and valid claim, to which the city had no defense. When a party applies to the court to open a judgment by default, or to set it aside for irregularity, he is ordinarily required to furnish an affidavit of merits, and certainly no less should be required of a taxpayer who invokes the powers of a court of equity to vacate a judgment, not against himself but the city of which he is a member. He should be required at least to allege that the judgment which he proposes to attack, or the claim upon which it is founded, is infected with fraud or illegality, or that the city has some meritorious defense to the same. The plaintiff's complaint is silent on all these points. It does not even show that the judgment was irregularly or improperly entered, but it does

show just the contrary. It appears that the judgment was entered upon an offer by the corporation counsel, under the provisions of sections 738 and 740 of the Code. These provisions required the corporation counsel to prove to the court that he was authorized to make the offer, and the complaint alleges that he complied with the statute, since it is averred in substance that the offer was accompanied by the usual verification. Certainly the complaint does not aver a non-compliance with these provisions of law, and without the complaint the presumption is that the proper proof was made to authorize the entry of the judgment. So that the judgment described in the complaint is, upon its face, entirely regular, and the authority of the corporation counsel to make the offer, being mere matter of proof, is adjudicated by the judgment itself. What the plaintiff proposes now to do is to show in some way *dehors* the record itself that there was no authority to make the offer and thus to contradict it. The complaint avers, as we have seen, that the judgment was entered without authority, which is not a fact, but a legal conclusion, and is so treated by the learned counsel for the plaintiff in his argument. (*Talcott* v. *City of Buffalo,* 125 N. Y. 280 ; *B. C. Institute* v. *Bitter,* 87 N. Y. 250 ; *Bogardus* v. *N. Y. L. Ins. Co.,* 101 N. Y. 328.) His contention is that the counsel to the corporation, though possessing all the powers of an attorney in an action, superadded to those conferred upon him by statute as a public officer, had no power to offer judgment in a pending action. The statute devolved upon him full charge of all the law business of the city, and designates him as an officer upon whom all legal process against the city may be served. Certainly the power to make the offer was not conferred upon any other officer, board or body, and if it was not possessed by the head of the law department of the city it did not and could not exist at all.

The duty imposed upon him exclusively to have charge of all the law business of the city necessarily involved the exercise of judgment and discretion, and embraces the power to offer judgment when, in his opinion, that course was for the

best interest of the city. It is said that the power is liable to be abused, but so is every power conferred upon a public officer. The argument that power may be abused does not prove that the power does not exist, and the learned counsel for the plaintiff has failed to point out any other officer, department or body, connected in any way with the city government, where the power could be more safely or properly lodged, or where it would be more likely to be exercised in the interests of the city.

But since this court has expressly affirmed the existence of this power in the corporation counsel, as we shall see hereafter, it is unnecessary to discuss this feature of the case upon principle, but it may be well to view it in another aspect. It is established law that a judgment cannot be attacked by a suit in equity on the ground that it was entered without authority, but the proceeding must be by motion in the action. (*Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 440, and cases there cited.) It appears on the face of the complaint that the city did avail itself of that remedy through all the courts and failed. The motion was made upon all the facts that appear in the complaint, with many others that do not appear. Not only was the question of authority involved in the motion, but the merits of the claims upon which the judgment is based as well, and the motion was denied, and that order was affirmed in this court. (*O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; affd., 160 N. Y. 691.) The plaintiff now proposes to take up the case where the city was compelled to leave it and litigate the whole matter over again. Of course, if the plaintiff is not concluded by the decision against the city made without collusion or fraud, then there is no reason why some other taxpayer may not take up the case and litigate the whole matter again should the plaintiff fail in this action, and thus the controversy would be continued indefinitely. The plaintiff as a taxpayer has no rights in this action except such as are derived from some act of the city or its officers. The wrong, if any, is to the city and not to the plaintiff personally. The position of the taxpayer in such an action is analogous to that

of a stockholder in a private corporation seeking to impeach some corporate transaction. Whatever will bar or estop the city or the private corporation will bar or estop the taxpayer or the stockholder. (*Alexander* v. *Donohoe*, 143 N. Y. 203.) It cannot be doubted that the final order upon the application by the city to vacate the judgment in question concludes it and is a bar to any other application for that purpose. A final order in such an application has the same effect as a judgment in an action. The city is precluded by the decision from raising any question involved or decided in that motion, or which could have been litigated or decided. These propositions are fully sustained by the authorities cited in the learned opinion below. (*Culross* v. *Gibbons*, 130 N. Y. 447, 454; *Ashton* v. *City of Rochester*, 133 N. Y. 187; *Bell* v. *Merrifield*, 109 N. Y. 202; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Barber* v. *Kendall*, 158 N. Y. 401.) The application to vacate and the decision denying the same appear upon the face of the plaintiff's complaint, and it follows that he is also concluded by the former adjudication. He cannot do what the city is estopped from doing. If he had alleged that the former proceeding was fraudulent or collusive then the effect might be different, but he did not and presumptively could not.

It is said that this action is based upon narrower ground than the motion by the city to vacate. The only difference in the two applications is that the former presented all the facts and circumstances to the court, while the present one presents only a part of them. But surely that cannot change the effect of the decision against the city. If there was no authority in the corporation counsel to offer judgment, then the city ought to have succeeded in the motion, but since it failed the point must have been decided adversely to it, and so it appears from the decision which was adopted by this court. (*O'Brien* v. *Mayor, etc., supra.*) Moreover, it has been held in other cases that a motion of that character made by the city, when finally decided, binds not only the immediate parties but the citizens and taxpayers as well.

They are deemed to be represented by the city in the proceedings, and in the absence of fraud or collusion are bound as effectually as the city itself. (*Ashton* v. *City of Rochester*, *supra*; *Osterhoudt* v. *Rigney*, 98 N. Y. 223; *Rogers* v. *O'Brien*, 153 N. Y. 357.)

This case involves much more than the narrow question concerning the power of the corporation counsel to offer judgment in a pending action, even if it was still an open one and not conclusively settled against the plaintiff, as I think it is by the decision of this court in this and other cases. (*O'Brien* v. *Mayor, etc., supra*; *Mark* v. *City of Buffalo*, 87 N. Y. 184; *People* v. *Stephens*, 52 N. Y. 306; *People ex rel. Burby* v. *Common Council*, 85 Hun, 601.) The legislature has just changed the law in that respect — a clear recognition of the fact that it was otherwise before. (Chap. 284, Laws of 1900.)

But the plaintiff's complaint is defective in the other particulars which have been pointed out, even if the plaintiff could impeach the judgment record and the affidavit of the corporation counsel as to his authority to make the offer, a proposition that is more than doubtful in the absence of any allegation of fraud. Conceding every fact alleged, they furnish no ground for an action in behalf of a taxpayer to impeach the judgment, and, moreover, it appears from the complaint that the plaintiff is seeking to litigate questions already decided against the city, and consequently against the citizens and taxpayers, since they constitute the city. (1 Dillon on Munic. Corp., sec. 40.)

For these reasons the judgment should be affirmed, with costs, and the question certified answered in the negative.

BARTLETT, VANN and CULLEN, JJ., concur with HAIGHT, J., for reversal; PARKER, Ch. J., and O'BRIEN, J., read for affirmance, and LANDON, J., concurs.

Judgment reversed, etc.