## BUSH v. COLER, Comptroller, et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

JUDGMENT—PARTIES—SUBJECT-MATTER—RES JUDICATA.

Plaintiff, as taxpayer, brought an action against the comptroller of New York City and against judgment creditors, under Laws 1892, c. 301, to restrain the comptroller from paying judgments which plaintiff alleged had been illegally entered by confession, in that the corporation counsel, who consented to the entering of the judgments, was without authority to do so; and, on a demurrer interposed by the creditors on the ground that plaintiff could not maintain the action without alleging that the debts were not justly due, it was held by the court of appeals that the complaint stated a cause of action. Held, on a subsequent demurrer by the comptroller on the ground that the complaint did not allege that he threatened or intended to pay the judgments, that such question was involved in and decided on the demurrer by the creditors, since the decision that a cause of action was stated against the creditors necessarily determined that injunction would issue against the comptroller.

Appeal from special term, New York county.

Proceedings by Irving T. Bush against Bird S. Coler, as comptroller of New York City, and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frederic R. Kellogg, for appellant.

Charles Blandy, for respondents.

INGRAHAM, J. In this action a taxpayer, under the authority of chapter 301 of the laws of 1892, seeks to restrain the payment of certain judgments against the city of New York, entered upon offers of the corporation counsel to allow judgments to be entered in favor of the individual defendants other than the comptroller, which, as alleged in the complaint, were executed and verified by the corporation counsel of the city of New York, claiming to be duly authorized by the said municipal corporation to make the same on its behalf, but that said offers of judgment were not entered into, made, approved, or authorized by the comptroller or by the mayor of the city of New York, or its common council, or any of its officers or departments empowered so to do, and that the said corporation counsel was and is wholly without power to enter into the said alleged compromise agreement or contract, and to execute or deliver the said offers, or any of them, and that his acts in so doing, and that each and every of the judgments entered thereon, were and are wholly illegal and void. The defendants separately demurred to this complaint, which demurrers were sustained. Upon appeal to the court of appeals the judgment sustaining the demurrer interposed by the individual defendants was reversed. 164 N. Y. 208, 58 N. E. 106. This appeal is from the judgment sustaining the demurrer interposed by the comptroller.

The statute under which the action is brought (chapter 301, Laws 1892) provides:

"All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any * * * municipal corporation in this state, and each and every one of them, may be prosecuted and an action or actions may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such * * * municipal corporation by any person or corporation whose assessment, * * * shall amount to one thousand dollars: * * *. In case the waste or injury complained of consists in any board, officer or agent in any * * * municipal corporation, by collusion or otherwise * * * paying, or conniving at the * * * payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses, or any item or part thereof against or by such * * * municipal corporation, or by permitting a judgment or judgments to be recovered against such * * * municipal corporation * * * either by default or without the interposition and proper presentation of any existing legal or equitable defenses, * * * the court may, in its discretion, prohibit the payment or collection of any such claims, demands, expenses or judgments, in whole or in part * * *; and in case of a judgment the court may, in its discretion, vacate, set aside and open said judgment, with leave and direction for the defendant therein to interpose and enforce any existing legal or equitable defense therein, under the direction of such person as the court may, in its judgment or order, designate or appoint."

The right given by the statute is to allow a taxpayer to interpose to prevent an officer of a municipal corporation from doing an illegal official act, or to prevent injury or waste to the property of the cor-

poration, or, where such waste or injury has already taken place, to compel restitution to the municipal corporation. When this case was before the court of appeals on the appeal from the judgment sustaining the demurrer by the individual defendants in whose favor the judgments had been obtained, it was held that the action was to prevent an illegal official act; that, if the corporation counsel had no power to make the offers for judgment, the judgments were not only irregular, but were unauthorized; that, if the action had been based upon the provisions of the statute to prevent waste, then it would be necessary to show that the city was not justly indebted in the amount stated in the judgment, for, if it was, there could be no waste. The action, however, having been brought to prevent an illegal official act, and as the act complained of was the false affidavit made by the corporation counsel, the making of such a false affidavit would be a constructive fraud upon the public, and the taxpayer would have a right by an action to enjoin the enforcement or payment of a judgment issued upon such an affidavit. In actions brought under this statute it has been held that, although the statute only authorized an action against an official of the municipal corporation to prevent his performing an illegal official act, still the persons in whose favor the claims exist, the payment of which is sought to be enjoined, are necessary parties to the action, as the parties who will be directly affected by the judgment. Osterhoudt v. Board, 98 N. Y. 239. But it seems to be quite clear, under the provisions of this statute, that the action could not be maintained as to those persons, except as parties to the cause of action alleged against the officer of the municipal corporation whose acts are sought to be restrained. The object of the statute is to prevent the official from doing the illegal act contemplated; and the presence of the party in whose favor the illegal act is to be committed, or who is to receive the benefit of the illegal act sought to be restrained, is necessary upon the ground that his rights will be affected by the judgment. It would seem to follow, therefore, that, if this complaint had not alleged facts justifying a judgment restraining the comptroller from paying the judgments, then the demurrer of the individual defendants should have been sustained. It is quite true that there is no allegation in this complaint that the comptroller intends to pay these judgments. It is alleged that the judgment creditors have demanded payment of the amounts of the judgments from the defendant the city of New York and from the comptroller, and have threatened and are threatening to issue execution, or to prosecute mandamus proceedings, or to take such other steps as they may be advised to enforce the judgments against the city of New York, and to compel payment of the same by the comptroller, and that unless an injunction be granted therein there is great danger that the comptroller of the city of New York will be compelled to pay the said claims, greatly to the damage to the said city, and to the unlawful injury and waste to its estate. This allegation, so far as it is the allegation of a fact, is admitted by the demurrer. The question as here presented, as to whether the allegation that a party holding a judgment illegally obtained is about to commence legal proceedings to enforce such judgment, without alleging

that the officer of the municipal corporation intends to pay such judgment, would justify the court in enjoining him from doing what it is not alleged he intends or has threatened to do. But it would seem as though this question was involved in the determination of the demurrer interposed by the individual defendants; for, if these allegations were not sufficient to sustain an action to prevent the comptroller from paying the judgments, there was certainly no cause of action alleged against the individual defendants, where the only judgment in the action could be one against the comptroller,—the individual defendants being simply parties to the action, as those whose rights would be affected by the judgment against the comptroller. The court of appeals, having held that a good cause of action was alleged against the individual defendants, must necessarily have determined that, upon the facts alleged being proved, the court would be justified in enjoining the comptroller from paying these judgments; and, upon a demurrer to the complaint by the comptroller, we are not justified in holding, in view of this determination of the court of appeals, that the complaint alleges no cause of action against him.

It follows that the judgment appealed from must be reversed, and the demurrer overruled, with costs to the plaintiff, with leave to the defendant to withdraw the demurrer and answer upon payment of costs in this court and in the court below. All concur.