IRVING T. BUSH, Appellant, *v.* BIRD S. COLER, as Comptroller of the City of New York, and Others, Respondents.

*Taxpayer's action — restitution can be awarded only in case of waste — what allegations in regard to the confession of a judgment by a corporation counsel do not establish waste — right of a taxpayer to sue where the illegal act has been consummated.*

The complaint in an action brought by a taxpayer of the city of New York under the provisions of chapter 301 of the Laws of 1892, alleged that the defendant water company brought an action against the city of New York upon a claim for $8,098.80 for water furnished to the city; that the city interposed a defense therein, but that, pending the trial of the action, the corporation counsel offered to allow judgment to be taken against the city for the sum of $4,000, without interest or costs; that this offer was accepted and judgment entered thereon; that the said offer of judgment was void because it was made without the authority of the comptroller; that the comptroller refused to pay the judgment, but was subsequently compelled to do so by a peremptory writ of mandamus obtained by the water company.

The complaint further alleged that the claim upon which the judgment was entered was illegal in whole or in large part, and that the water company did not furnish the amount of water for which it claimed payment, and that the reasonable value of the water was much less than that claimed by the water company, and that there existed a good and sufficient defense to said claim or to a large portion thereof, which would reduce the claim to a sum much below $4,000.

The complaint demanded as relief that the judgment in favor of the water company be vacated, and that it and the then owner of the claim be adjudged to make restitution of all sums of money received by them under and pursuant to said judgment.

*Held,* that the plaintiff could not compel restitution unless it appeared that there had been a waste of, or injury to, the funds or property of the city;

That there could be no waste unless the city was not justly indebted to the water company in the amount of the judgment, and that, in the absence of any charge of fraud or collusion on the part of the corporation counsel, the complaint did not allege facts sufficient to support a finding that waste or injury had resulted;

That the allegation that there existed a good and sufficient defense to said claim or to a large portion thereof, which would reduce the claim to a sum much below $4,000, was not an allegation of fact.

*Quære,* whether a taxpayer's action to restrain an illegal official act can be maintained if it appears that the act had been consummated before the injunction was obtained.

APPEAL by the plaintiff, Irving T. Bush, from a final judgment of the Supreme Court in favor of the defendants, entered in the office

of the clerk of the county of New York on the 10th day of April, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*Frederic R. Kellogg*, for the appellant.

*Charles Blandy*, for the respondents Coler and the city of New York.

*Franklin Bien*, respondent, in person.

INGRAHAM, J.:

This case as it comes before us presents the questions whether the facts alleged, in what the plaintiff calls his "supplemental and amended complaint," are sufficient to constitute a cause of action. To that complaint the defendant Coler demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action as to him, which demurrer was sustained and an interlocutory judgment entered with leave to the plaintiff to serve an amended complaint. Such amended complaint not having been served, the issues of fact raised by the answers of the other defendants came on for trial at Special Term, and the Special Term dismissed the complaint as to these defendants. By the decision filed upon such dismissal it was recited that all the allegations of the complaint having been duly admitted, and no proof having been interposed by the defendants, or either of them, and the defendants having moved after the plaintiff's opening to dismiss the action on the ground that the supplemental and amended complaint did not state facts sufficient to constitute a cause of action against the said defendants or either of them, the court found as a conclusion of law that the amended and supplemental complaint did not state facts sufficient to constitute a cause of action against the said defendants or either of them, and directed final judgment dismissing the complaint; and upon this decision and the decision sustaining the demurrer interposed by defendant Coler, final judgment was entered from which the plaintiff appeals.

Upon this appeal, therefore, we have presented the single question as to whether the complaint alleges facts sufficient to constitute a cause of action against the defendants or either of them. The

action is brought by a taxpayer of the city of New York under the provisions of chapter 301 of the Laws of 1892. The complaint alleges that the defendant, the New York and Westchester Water Company, made, in the year 1891, a contract or agreement with the city of New York by which the water company agreed to supply the city upon Hart's island with a sufficient quantity of water for the purposes of the said island at a certain price named; that the water company presented a claim to the city of New York for the sum of $8,098.80 based upon the allegation that the water company had supplied to the city of New York a quantity of water, in excess of that required by the terms of the contract, which excess of water was of the reasonable value of the sum claimed; that the said claim was rejected by the said comptroller, and suit was brought upon the said claim against the city of New York, to which a defense was interposed; that prior to any decision of that action or the termination of the trial, and on or about January 8, 1898, the corporation counsel executed and delivered to the plaintiff in that action an offer to allow judgment to be taken against the city of New York for the sum of $4,000, without interest and costs; that this offer was accepted by the water company and judgment entered thereon against the city for the sum of $4,000 in full for all damages, interest and costs in the action; that the said settlement and offer for judgment was not made, approved or authorized by the defendant Coler, as comptroller of the city of New York, and was made without notice to him, and the said corporation counsel was without power to settle said claim and to execute and deliver said offer, except upon the authorization of the said comptroller, and that the judgment entered thereon was wholly illegal and void; that the said comptroller refused to pay said claim; that thereafter the said water company applied to the court for a peremptory writ of mandamus directing the said comptroller to forthwith pay said judgment; that the plaintiff made an application to the court in this action for an order enjoining the payment of said judgment and enjoining the prosecution of any proceeding in the said mandamus, or otherwise, for the purpose of enforcing said judgment; that the application for such injunction and the application for the mandamus were heard together and thereafter decisions were rendered granting the application for the mandamus and denying the

application in this action for the injunction; that a writ of mandamus was thereafter issued requiring the said Coler to pay the said judgment, and that said Coler was thereupon compelled to pay the said judgment and did pay the amount of the same to the defendant Bien, the alleged owner of the claim. The complaint then alleged that the claim upon which said judgment was entered is not well founded and is illegal in whole or in large part; that no such quantity of water as claimed by the said water company was supplied by it in excess of the amount required by the contract; that no such rate as that claimed by the water company to be the reasonable value of such alleged extra water should in any event be allowed as the price thereof, and that the reasonable value of any extra water which may have been furnished was much less than that claimed by said water company; that there exists a good and sufficient defense to said claim, or to a large portion thereof, which will reduce it in any event if properly interposed and presented, to a sum much below the said sum of $4,000; and the complaint demands judgment against the said defendant that the said judgment entered in favor of the New York and Westchester Water Company be declared to be illegal, unjust and inequitable; that the said judgment be vacated, set aside and opened, with leave and direction for the city of New York to interpose and enforce all existing legal or equitable defenses to the said claim under the direction of such person as the court may, in its judgment, order, designate and appoint, and that the said defendants Bien and the New York and Westchester Water Company be adjudged to make restitution and return of any and all sums of money received by them, or either of them, under and pursuant to the said judgment, or the proceedings to enforce the same, whether in the shape of principal, interest, costs or otherwise, and that the plaintiff have such other and further relief as may be just.

The statute (Laws of 1892, chap. 301) authorizes a taxpayer to commence an action against the officers, agents, commissioners, or other persons acting or who have acted for and on behalf of any municipal corporation to prevent any illegal official act on the part of said officers or other persons, to prevent waste or injury to, or to restore and make good any property, funds or estate of such municipal corporation. By this statute there are two distinct causes

of action given to the taxpayer; the one to prevent an illegal official act on the part of an officer which does not depend upon whether such illegal act would cause an injury to the municipal corporation or not; the other to prevent waste or injury to, or to restore and make good any property, funds or estate of such municipal corporation.    To maintain an action to prevent waste or to compel restoration when waste has been committed, the plaintiff must allege that such waste or injury to the funds or estate of such corporation is either contemplated or has been actually consummated. When the action is brought to prevent an illegal official act, it would seem to follow that if the illegal act had been consummated before an injunction was obtained so that there was no contemplated illegal official act which could be enjoined, there would be no cause of action. This distinction between the two causes of action contemplated by the statute is recognized by the Court of Appeals in the case of *Bush* v. *O'Brien* (164 N. Y. 205). In that case the court say: " The statute under which this action was brought authorizes a taxpayer to bring an action to prevent waste, and also to prevent an official illegal act. If the action was based upon the provision of the statute ' to prevent waste,' then it would be necessary to show that the city was not justly indebted in the amount stated in the judgment, for if it was there could be no waste. This action, however, was brought under the other provision of the statute, to prevent an official illegal act." The statute further provides : " In case the waste or injury complained of consists in any board, officer or agent in any  *  *  *  municipal corporation, by collusion or otherwise  *  *  *  permitting a judgment or judgments to be recovered against such  *  *  *  municipal corporation  *  *  *  either by default or without the interposition and proper presentation of any existing legal or equitable defenses  *  *  *  the court may, in its discretion, prohibit the payment or collection of any such  *  *  *  judgments in whole or in part, and shall enforce the restitution and recovery thereof, if heretofore or hereafter paid, collected or retained by the person or party heretofore or hereafter receiving or retaining the same, and also may, in its discretion, adjudge and declare the colluding or defaulting official personally responsible therefor, and out of his property and that of his bondsmen, if any, provide for the collection or repayment thereof, so as to indemnify

and save harmless the said  *  *  *  municipal corporation from a part of the whole thereof; and in case of a judgment the court may, in its discretion, vacate, set aside and open said judgment, with leave and direction for the defendant therein to interpose and enforce any existing legal or equitable defense therein, under the direction of such person as the court may, in its judgment or order, designate and appoint." To justify a judgment under this provision, which authorizes the court to decree restitution in case the waste or injury complained of is caused by permitting a judgment or judgments to be recovered against such municipal corporations, either by default or without the interposition and proper presentation of any existing legal or equitable defenses, the complaint must allege that such waste or injury was caused by the officer of the municipal corporation against whom the action is brought by permitting a judgment or judgments to be recovered either by default or without the interposition and proper presentation of an existing legal or equitable defense; and this is recognized by the Court of Appeals in the case of *Bush* v. *O'Brien* (*supra*) where it is said: "If the action was based upon the provision of the statute 'to prevent waste,' then it would be necessary to show that the city was not justly indebted in the amount stated in the judgment, for if it was there could be no waste." The complaint here alleges that the entry of judgment was unauthorized, as the offer upon which it was entered was without the consent of the comptroller, but as that judgment has been paid in pursuance of legal proceedings to enforce it, the only remedy that the court could grant would be to compel a restitution if the facts alleged were sufficient to show that there had been waste or injury to the funds or property of the city, and there was no waste unless it appeared that the city was not justly indebted in the amount of the judgment; for, as was said in *Bush* v. *O'Brien* (*supra*), if the city was justly indebted in the amount stated in the judgment, there could be no waste. The allegation of the complaint is that the claims upon which said judgment was entered are illegal in whole or in part, that no such rate as that claimed by the water company to be the reasonable value of such alleged extra water would in any event be allowed as the price thereof, and that the reasonable value of the extra water which may have been furnished was much less than that claimed by the water company; but, as the claim of the water

FIRST DEPARTMENT, APRIL TERM, 1901. [Vol. 60.

company was by the judgment as entered cut down more than one-half, this was not an allegation that the amount for which the judgment was actually entered and which was paid by the city was in excess of the amount for which the city was justly liable.

The complaint then alleges that "there exist good and sufficient defenses to the said claim, or to a large portion thereof, which will reduce it in any event if properly interposed and presented, to a sum much below the said sum of $4,000." It can hardly be claimed that this is an allegation of a fact which would justify any relief. The allegation that there exist good and sufficient defenses to the said claim is a conclusion of law, and it was for the responsible law officers of the city to determine what defenses should be interposed and how the action should be defended. As was said in *Bush* v. *O'Brien* (*supra*): "The corporation counsel has the supreme power of determining the nature of the defense that shall be interposed to any action that shall be brought thereon." Before a taxpayer can interpose to compel the restitution to the city of any of the city money under and in pursuance of any legal proceedings facts must be alleged to show that there has been waste or injury to the property, funds or estate of the city, and there is here no allegation of a fact which, in the absence of fraud or collusion on the part of the officer of the city whose duty it was to present such defenses, is sufficient to support a finding that waste or injury had resulted. It would appear from the allegations of the complaint that when this judgment was entered an action to enforce such claim was on trial, and the offer of judgment that was made would appear to be an offer made by the corporation counsel during such trial. There is no allegation that the evidence in the case thus on trial did not show that the plaintiff was entitled to recover the amount that the corporation counsel offered to allow it to recover, and the fact that a continuance of the trial and prosecution of the defenses of the city would reduce the claim below the sum of $4,000 is not an allegation of a fact that the judgment against the city would have been less than the $4,000, for this sum of $4,000 was fixed as including all interest and costs. There is nothing in the facts alleged which would tend in the slightest degree to impugn the good faith of any of the city officials who had to do with the determination of how much was due upon this claim, no fact alleged from which it could

be found that there was any waste or injury to the property of the city by reason of any of the official acts complained of, and no fact which could be the basis of any finding that those officials had not acted in entire good faith, and that the result was not an advantageous one for the city. Admitting every fact alleged in the complaint, and even every conclusion of fact and law therein alleged, it seems to me there is nothing that could justify any judgment against any of the defendants in this action.

It follows that the judgment appealed from must be affirmed, with costs.

RUMSEY, J. (concurring):

I concur in the result reached by Mr. Justice INGRAHAM in this case and generally in the law as stated therein, but I cannot concur in that portion of the opinion in which it is suggested that where the action is brought to restrain an illegal official act, and it appears that the act had been consummated before the injunction was obtained, there would be no cause of action. I do not think that the act should be so limited, nor is it necessary in this to decide that question. The statute authorizes an action to prevent an illegal official act. It is not limited in terms to a contemplated illegal act, and I can conceive of cases where the illegal act may have been done, so far as the officers of a municipal corporation are concerned, and yet the consequences of it may be such that a taxpayer's action might be necessary to prevent the evil effect of such consequences, although they did not amount to a waste or injury of the property of the town. There is nothing in the statute, either expressly or by fair implication, which precludes the court, in a proper case, from granting a mandatory injunction requiring the undoing of an official act which has been completed, if the welfare of the municipal corporation requires that it be done. It is not necessary in this case to limit the construction of the act in the regard mentioned or to pass upon that question, and, therefore, I do not concur with so much of the opinion as lays down the law in that regard.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Judgment affirmed, with costs.