NEW ENGLAND WATERWORKS CO. v. FARMERS' LOAN & TRUST CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

PLEADING—AMENDMENT—CAUSES ARISING PENDING ACTION.

 The complaint in an action to recover money received by the defendant to the use of the plaintiff also alleged certain facts tending to set out a distinct cause of action based on alleged fraud and misconduct on the part of defendant, whereby the plaintiff lost priority of payment from the funds received by defendant, but omitted certain allegations essential to the latter cause of action. Thereafter plaintiff moved for leave to serve a supplemental complaint setting forth, to supply such omissions, facts occurring since the action was commenced. *Held*, that as the granting of such an order would authorize the pleading in one action of two causes of action, one in contract and one in tort,—the former existing when the action was commenced, and the latter accruing subsequently,—the motion was properly denied.

Appeal from special term, New York county.

Action by the New England Waterworks Company against the Farmers' Loan & Trust Company. From an order denying a motion for leave to serve a supplemental complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George H. Yeaman, for appellant.

David McClure, for respondent.

BARRETT, J. The original complaint alleges, in substance, that in 1887 the Iowa Water Company, an Iowa corporation, executed to the defendant a deed of trust of its property and franchises to secure $400,000 of coupon bonds; that the instrument gave to the coupons priority of payment; that the defendant, not having sufficient funds to pay all of those coupons falling due April 1, 1891, arranged with the firm of C. H. Venner & Co. to purchase the coupons thus unprovided for upon the account of this firm; that, in accordance with this arrangement, 93 of the coupons were on April 9, 1891, purchased and delivered to Venner & Co., who paid the defendant therefor; that thereafter the defendant received from the water company sufficient funds to pay these coupons; that Venner & Co. demanded payment thereof from the defendant while these funds were in its hands; that the defendant refused such payment; and that thereafter Venner & Co. sold the coupons to the plaintiff for a valuable consideration. The plaintiff sums up the gist of its action in the twenty-first paragraph of this complaint as follows: "That by reason of the premises the defendant wrongfully holds and retains said sum of $2,790 without consideration, and without right or title." Plainly, the action is to recover the money received by the defendant to the use of the holders of these coupons. There are, however, some further allegations in the complaint, with reference to the foreclosure of the mortgage, which should be specially noticed. The plaintiff says that it requested the defendant to allege in the foreclosure suit the Iowa Water Company's default in the payment of these particular coupons, to the end that it might thus secure in that

action priority of payment, as provided in the mortgage; that the defendant, instead of complying literally with this request, in bad faith amended its bill by setting up, not the actual facts, but merely the plaintiff's claim, with regard to the coupons, and, instead of admitting such claim, declaring that it had no information on the subject; that afterwards the plaintiff filed a petition of intervention, setting up the facts substantially as averred in the present complaint; that the complainant there (the defendant here) then interposed a denial of the matter alleged in this petition of intervention; that the matters thus put in issue were referred to a master, who reported that the facts were as claimed by the plaintiff, but that the bondholders, when they presented their coupons for payment, were not notified by the defendant of the arrangement between it and Venner & Co., and, consequently, that these bondholders supposed that the transaction was a payment, not a purchase; and that these bond and coupon holders never ratified the transaction as a purchase. Upon these findings the master, as a conclusion of law, reported against the plaintiff's claim as set up in its petition of intervention. The plaintiff excepted to the master's conclusion, but subsequently his report was duly confirmed by the court.   Then follow the allegations to which we referred at the outset.   It is apparent that all these further allegations with regard to the foreclosure proceedings were irrelevant to the plaintiff's real cause of action.   Their sole tendency was to set out an entirely different cause of action from that formulated and summarized in the twenty-first paragraph of the complaint. In the one case we have an action for moneys had and received to the plaintiff's use; in the other, certain preliminary facts, which may or may not ripen into an action for fraud and misconduct, whereby the plaintiff has lost its priority of payment.   The difficulty with these averments is not merely the attempt to set up two causes of action in the same complaint,—one in contract and the other in tort. There is the additional difficulty that these further facts fail to state a cause of action at all,—either in contract or tort.   There is no allegation that the plaintiff was damaged in any wise by the decision of the master or the court in the foreclosure proceedings; no allegation of the entry of any decree depriving the plaintiff of priority of payment; no allegation of a sale under any decree, or that the proceeds thereof were insufficient to satisfy these coupons.   If, therefore, it was attempted by these allegations to commence an action in tort as well as in contract, and blend the two in one complaint, the action, so far as it proceeded upon the tort theory, was premature. No such cause of action existed when this suit was brought, and the allegations in question were therefore of no moment.   What the plaintiff now wants to set up by way of supplement is the foreclosure decree made since this action was commenced, denying to it priority of payment; the sale thereunder; and the fact that, because of such denial of priority, the proceeds of sale were insufficient to pay these coupons, or any part thereof.   Following the method of its original complaint, the plaintiff again summarizes and formulates the cause of action attempted to be set forth in this proposed supplemental complaint.   Thus, at the end of the eighth paragraph the plaintiff alleges

that it would have been paid in full out of the proceeds of the sale under foreclosure, "except for the wrongful and fraudulent conduct of the defendant, as alleged in the plaintiff's original complaint" (referring to the inchoate matter already pointed out); and in the ninth paragraph it is alleged "that by reason of the premises the plaintiff has been damaged in the sum of $2,790, with interest from the 9th day of April, 1891." It is plain, therefore, that what the plaintiff now seeks is not to supplement the only cause of action stated in the original complaint, but to set up another cause of action, which did not exist when that original complaint was served. The supplemental matter has, as we have seen, no relevancy to the cause of action for moneys had and received to the plaintiff's use. No other cause of action is stated in the original complaint, for the very good reason that none then existed. If we were to comply with the appellant's request, we should plainly authorize the pleading in one action of two causes of action, one in contract and one in tort, —the former existing when the action was commenced, and the latter accruing subsequently. A bare statement of what is thus proposed is a sufficient answer to the appellant's motion below.

Without considering, therefore, the legal questions presented upon this appeal, as to the character of the action, and the right to a supplemental complaint in case it be held to be an action at law, we think that the decision of the special term denying appellant's motion was correct, whether the reason given therefor was right or not; and consequently the order appealed from should be affirmed, with costs. All. concur.