## PEABODY v. GERMAIN.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

1. LLOYD'S INSURANCE—ACTION ON POLICY—PRELIMINARY SUIT AGAINST ATTORNEY.

A Lloyd's fire policy provided that judgment in a preliminary suit against the attorney for the underwriters should be conclusive on the several underwriters as to the extent of their liability. After recovering judgment against the attorney, suit was commenced against one of the underwriters, the complaint alleging the recovery of judgment against the attorney. This judgment was afterwards vacated, but another judgment was thereafter recovered against the attorney. *Held*, that the second judgment could be set up by supplemental complaint in the suit against the underwriter, since, under the stipulation as to its conclusiveness, it was material.

2. SAME—RIGHT TO SUE UNDERWRITERS.

The judgment against the attorney not being a condition precedent to a suit against any of the underwriters, the insurer's cause of action did not fall by the vacating of the first judgment, so as to require a refusal of the application to set up the second judgment by supplemental complaint.

3. SAME—PROVISIONS RESTRICTING NUMBER OF SUITS.

A provision in a Lloyd's policy, that no suit shall be brought thereon against more than one of the underwriters at any time, merely prohibits the bringing of more than one suit at the same time.

Goodrich, P. J., dissenting.

Appeal from special term, Queens county.

Action by Rushton Peabody against George P. Germain on a Lloyd's insurance policy. From an order denying a motion for leave to serve a supplemental complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Percival S. Menken, for appellant.

George H. Pettit, for respondent.

CULLEN, J. I think the plaintiff should have been allowed to serve a supplemental complaint setting forth his final recovery of judgment in the action brought against the attorney for the underwriters. The second judgment in that action was recovered after this action was at issue, and the plaintiff should not be debarred from pleading it unless the recovery is wholly immaterial and irrelevant. If the question of the effect of the second judgment is a close one, and fairly debatable, its determination should be made, not on an application to serve a supplemental or amended pleading, but on demurrer or at the trial. Mitchell v. Allen, 25 Hun, 543.

The question before us arises upon one of those perplexing and troublesome provisions of the Lloyd's insurance policies which we have recently discussed in Gough v. Satterlee, 32 App. Div. 33, 52 N. Y. Supp. 492. The plaintiff first brought suit against the attorney for the underwriters, and recovered judgment by default. He issued execution on the judgment, which was returned unsatisfied. Thereafter he brought this action, and in his complaint set up the recovery of the judgment against the attorney. While this action was at issue, and about a year after the default was taken, the attorney

obtained an order opening that default and vacating the judgment. The attorney's action was tried on its merits, and the plaintiff again recovered judgment. This judgment he seeks to set up by supplemental complaint. The learned judge at special term denied the application, on the ground that, the judgment against the attorney having been vacated, the plaintiff had no cause of action against the defendant in this suit. I am unable to find, however, anything in the terms of the policy, so far as they are set out in the pleadings, which makes the recovery of a judgment against the attorney a condition precedent to the institution of a suit against the other underwriters. There is a provision that no suit under a policy shall be brought against more than one of the underwriters "at any time." If the plaintiff has violated this condition, that is a matter of defense for the defendant to plead. I think the language "at any time" must be construed as meaning at the same time; otherwise, it is difficult to see how the liability of the underwriters could ever be enforced. No stipulation made in a policy that one of the parties should be bound by a judgment recovered on the policy against any other party could authorize the issue of process on a judgment against the property of any persons except those against whom the judgment was recovered. The plaintiff did not violate this condition of the policy, as I have construed it; for at the time he brought this suit his action against the attorney was not pending, but had terminated in final judgment. But, while the recovery of the judgment in the first suit is no part of the plaintiff's cause of action, it is material and relevant because of the stipulation in the policy that that judgment should be conclusive on the several underwriters as to the extent of their liabilities. For this reason the plaintiff has the right to plead it.

The order should be reversed, with $10 costs and disbursements, and motion for leave to serve supplemental complaint granted, without costs. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. (dissenting). I cannot agree with the views of my associates. It is unnecessary to state other facts in this case than that the plaintiff's right of action is based on an allegation that before the commencement of the action, in February, 1898, he recovered a judgment against Bertrand, the agent and one of the underwriters of the Electric City Lloyd's of Buffalo, on a policy issued by that institution. By the terms of the policy, such recovery was a condition precedent to his right of recovery against the defendant. It appears that the judgment was taken by default in January, 1898, and that it was subsequently vacated on the defendant's motion; there being no provision in the order that it should stand as security or otherwise, as is sometimes the fact. Subsequently the Bertrand action was tried, and a judgment was entered for the plaintiff, in January, 1899. The plaintiff moved for leave to serve a supplemental complaint setting up the recovery of that judgment, and, his application being denied, he appeals.

There can be no question that the motion was properly denied. The object of a supplemental complaint is to set up facts in aid or complement of the original cause of action, not to set up a cause of action not

in existence when the suit was commenced. There was no cause of action, and no action was maintainable by the plaintiff, until the recovery of a final judgment against Bertrand, and there was no final judgment against him until January, 1899. New England Waterworks Co. v. Farmers' Loan & Trust Co., 23 App. Div. 571, 48 N. Y. Supp. 948.

For these reasons I think the order was correct, and that it should be affirmed.