(58 App. Div. 118.)

## BUSH v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department.  February 8, 1901.)

MUNICIPAL CORPORATIONS—ILLEGAL DISPOSITION OF PUBLIC MONEY—INJUNCTION
—SUPPLEMENTAL COMPLAINT.

A taxpayer commenced a suit under Laws 1892, c. 301, and Code Civ. Proc. § 1925, authorizing an injunction against the illegal disposition of public funds, and authorizing a recovery therefor, and obtained a temporary injunction to prevent certain officials from paying certain judgments, but it was afterwards dissolved and the judgments paid. *Held*, that Code Civ. Proc. § 544, authorizing the pleading in a subsequent complaint of material facts accruing after the filing of a complaint, did not authorize the complainant to thereupon file a supplemental petition to recover such money from the various persons receiving the same, and to have them brought in as parties to the suit, since the relief asked against such persons constitutes causes of action separate from that involved in the suit.

McLaughlin and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by Irving T. Bush against John O'Brien and others to enjoin the payment of certain judgments against the city of New York. Cross appeals by the plaintiff and defendants from an order of the special term granting in part and denying in part a motion on behalf of the plaintiff for leave to serve a supplemental summons and complaint herein, and to bring in as parties defendant Walston H. Brown, individually, L. Laflin Kellogg, Abram J. Rose, Arthur H. Smith, Alfred C. Pette, and Philip M. Brett, and serve the supplemental summons and complaint upon them. That part of the motion which asked leave to serve the supplemental complaint upon the existing defendants, and to bring in Mr. Brown individually as a new defendant and to serve supplemental summons and complaint upon him, was granted; but, so far as it related to bringing in Kellogg, Rose, and Smith as additional defendants, it was denied. The plaintiff appeals from that portion of the order denying the application to bring in the latter; and the defendants, other than the comptroller and the city of New York, appeal from the portions of the order granting leave to bring in Mr. Brown individually. Order permitting filing of amendment and bringing in additional parties reversed, and order denying right to bring in certain other parties affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, HATCH, O'BRIEN, and INGRAHAM, JJ.

Frederic R. Kellogg, for plaintiff.
Wheeler H. Peckham, for defendant Brown.
L. Laflin Kellogg, for other defendants.

HATCH, J.  This action was brought by the plaintiff, as a taxpayer, under chapter 301 of the Laws of 1892, and section 1925 of the Code of Civil Procedure, to prevent an alleged illegal official action on the part of the comptroller of the city of New York, in paying six several judgments in favor of O'Brien & Clark, and Walston H. Brown, as receiver of the firm of Brown, Howard & Co., against the mayor, aldermen, and commonalty of the city of New York, entered upon six separate offers to allow judgment in said actions made by the corporation counsel on behalf of the city, on the ground that his act in so doing was without power, and to vacate and set aside said judgments as irregularly and improperly entered.  All of the

·defendants subsequently demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer interposed by the defendants Brown, as receiver, and O'Brien & Clark, was sustained at special term, and upon appeal to this court the interlocutory judgment was affirmed (62 N. Y. Supp. ·685), but upon appeal to the court of appeals the decision of the lower courts was reversed on the ground that the consent of the comptroller was necessary to make the settlement and compromise and offers of judgment binding upon the city (Bush v. O'Brien, 164 N. Y. 205, 58 N. E. 106). Pending the decision of the said appeal the demurrer of the defendant Coler was brought on for a hearing, and judgment sustaining such demurrer was granted and entered, from which no appeal has been taken; plaintiff's attorney claiming that the time to appeal from such judgment has never been set running.

It appears by the affidavits submitted in opposition to the motion that the compromise and settlement of the several actions in which the respective judgments sought to be set aside were entered was made after negotiations between the counsel for the plaintiffs therein and the corporation counsel, representing the city, and that such compromise and settlement was approved by all the city officials, in·cluding the comptroller, in any way connected with or having authority over the subject-matter of the compromise; that after the ·entry of the several judgments a motion was made on behalf of the city to set them aside on the ground that they were improperly and irregularly entered; that such motion was denied by the special ·term, and the order affirmed by the appellate division (57 N. Y. Supp. 1039) upon appeal. An appeal was then taken, by permission, to the court of appeals, and the decision of this court was affirmed. O'Brien v. City of New York, 160 N. Y. 691, 55 N. E. 1098. It was after this decision by the court of appeals that this action was commenced, and a temporary injunction was granted, restraining the judgment creditors in the several actions from collecting their judgments against the city. This injunction was subsequently vacated, and an injunction pendente lite was denied. Thereafter six per·emptory writs of mandamus were issued to the comptroller, directing and commanding the payment of said judgments, in accordance with which the several judgments were paid. The grounds of the motion are that since the commencement of this action the judgments, the payment of which was sought to be restrained by the plaintiff, have been paid and satisfied of record; that the moneys, or a portion thereof, so paid were received by the said Kellogg, Rose & Smith, attorneys for the judgment creditors in the respective actions, and a portion of such moneys was also received by Walston H. Brown, as receiver, and paid by him, after notice of the existence of this action and the alleged invalidity of the judgments under which the moneys were paid; and that by such payment he became individually liable as for an unlawful payment.

The action, as originally commenced, as appears from the complaint, was to restrain an illegal official act, and was so construed by the court of appeals. 164 N. Y. 215, 58 N. E. 106. The proposed

supplemental complaint seems to be framed on the ground that there· has been waste and injury to the city committed since the action was commenced, and to embrace acts which had no existence when the action was begun, and parties who were in no wise connected with the original acts which the plaintiff sought to restrain. The statute gives a right of action to restrain illegal official acts or to· prevent waste or injury, and in the latter case the discretion of the court may be invoked to vacate and set aside judgments or other obstacles, to the end that restitution may be compelled of what has been received by reason of the waste committed. It is quite evident that the statute contemplates different causes of action,—one to restrain an·act by which waste may be committed, and the other to· procure restitution after the waste has been accomplished. It is quite possible that the two causes of action could be united in one complaint, if the facts as then existing authorized relief. In the· present case, however, all of the facts averred in· the supplemental complaint clearly show that the acts from which it is claimed that waste has been committed all arose subsequent to the commencement of the action, and under such complaint the relief demanded. is not only different, but is asked to run against different parties. Such a pleading does not seem to be authorized by the provisions of section 544 of the Code of Civil Procedure relating to that subject, as its effect is to state an entirely new and different cause of action from that which existed when the action was begun, and such plead-- ing has been condemned by numerous authorities. New England Waterworks Co. v. Farmers' Loan & Trust Co., 23 App. Div. 571, 48 N.. Y. Supp. 948; Farmers' Loan & Trust Co. v. United Lines Tel. Co., 47 Hun, 315; Prouty v. Railroad Co., 85 N. Y. 272. The latter case is quite decisive in principle of the present question. Therein the· supplemental pleading was allowed to be served for the reason that, while it brought in a new party, it stated no new cause of action, as the party brought in had assumed the contract and obligations which the action was brought to enforce. Consequently no new cause of·action was set up, but only facts showing the right to enforce such cause of action against the party sought to be brought in. But the reasoning of that case and the authorities which are distinguished emphasize the case as an authority against the right to· serve the present pleading. It presently appears that the judgments· had been entered, which not only stand with all the characteristics· of legal judgments, but which have been paid by the mandate of the· court. There is no averment in this complaint that the claim represented by the judgments was fraudulent, illegal, unjust, or inequitable; nor is it averred that there existed or now exists any defense,. legal or equitable, to the several claims which form the basis of the judgments, or that the settlement upon which they were based was. entered into collusively or fraudulently. Taking all of the averments contained in the supplemental pleading, and it will be difficult to find anything from which it may be said that the money which has been paid upon the judgments was not founded on just· and valid claims existing against the city, to which it had no defense. Such has been the express holding both by this court and the·

court of appeals. 40 App. Div. 331, 57 N. Y. Supp. 1039; 160 N. Y. 691, 55 N. E. 1098; 164 N. Y. 219, 58 N. E. 106. As this case now stands, these judgments establish, so far as it is within the power of the courts to establish, that they were founded upon claims in all respects just, legal, and equitable, and, so long as they stand, there is no rule of law of which we are aware upon which they may be questioned, except by showing a lack of jurisdiction in the court to enter them, or application under the statute to vacate and set them aside. As to the first, all of the courts have held not only that the court had jurisdiction to enter them, but that they were legally and properly entered. As to the second, it must certainly be the rule that before the party can invoke the discretionary aid of the court he must show facts upon which it would be proper to exercise the discretion. Lack of power can scarcely be urged, in view of the decisions of the courts; and the complaint fails to allege either fraud, illegality, injustice, inequity, or any other facts upon which waste may be predicated. It is difficult to conceive how, in the absence of any averment of this character, any cause of action is stated which would authorize the court to interpose and vacate these judgments. But, assuming that some ground exists which furnishes a basis of attack in the pleading as presently framed, it seems clear, within the authorities, that the supplemental pleading avers a new cause of action, and that nothing therein is supplemental to the cause of action existing at the time when the original action was commenced.

It follows, therefore, that the order denying the motion to bring in additional defendants should be affirmed, with $10 costs and disbursements, and the order allowing service of supplemental complaint and bringing in another party defendant reversed.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

McLAUGHLIN, J. I dissent. The supplemental complaint, as it seems to me, does not set up a new cause of action. It simply alleges facts, in addition to those alleged in the original complaint, to the effect that since the service of the original complaint the judgments, the payment of which was sought to be enjoined, have, by order of the court, been paid, and, since such payment, the only relief appropriate to the action is restitution; and this is the judgment demanded, instead of an injunction. It matters not whether a taxpayer's action be brought to restrain "an illegal official act," which in and of itself contemplates a waste of the public funds, or to prevent "waste or injury," or for "restitution." The cause of action in each case is the same. The only difference is the relief to be given. This is clear when we consider the purpose of the statute, which is to prevent an illegal use of the public funds. This purpose is indicated in the title to the first act passed, as well as the title to all subsequent acts in relation to the subject. Chapter 161 of the Laws of 1872 is the first statute permitting a taxpayer to maintain an action, and the title to it is "An act for the protection of taxpayers against frauds, embezzlements and wrongful acts of public

officers and agents." This act was, in part, incorporated into and became section 1925 of the Code of Civil Procedure, which has since been supplemented by chapter 531 of the Laws of 1881, as amended by chapter 673 of the Laws of 1887 and chapter 301 of the Laws of 1892. The title of chapter 531 of the Laws of 1881 is "An act for the protection of taxpayers," and this is recognized and continued in the amendments of 1887 and 1892. The most casual consideration of these statutes will show that the object and purpose sought to be accomplished by them is the protection of taxpayers by preventing an illegal use of public money, or by restoring to the public treasury money that has been illegally paid. If this is the sole purpose of the statute, then it seems to me to be a mere play upon words to say that an action to restrain "an illegal official act" is one cause of action, an action to prevent "waste or injury" is another, and an action for "restitution" is still another. The result to the taxpayer in each case is the same, viz. the saving of public money which has been or is about to be illegally taken or used. The result in each case being the same, I cannot understand, when an action has been brought to restrain an illegal official act (as in this case, the payment of illegal judgments), and the judgments have been paid during the pendency of the action, why appropriate allegations cannot be inserted in a supplemental complaint, showing that fact, and asking that the persons who have received the money shall restore the same to the public treasury. That such relief can be given seems to me to be clearly contemplated by the statute itself. The statute provides:

"In case the waste or injury complained of consists in any board, officer or agent of any county, town, village or municipal corporation, by collusion or otherwise contracting, auditing, allowing or paying, or conniving at the contract, audit, allowance or payment of any illegal, unjust or inequitable claim, demands or expenses, or any item or part thereof, against or by such county, town, village or municipal corporation, or by permitting a judgment or judgments to be recovered against such county, town, village or municipal corporation, or against himself in his official capacity, either by default or without the interposition or proper presentation of any existing legal or equitable defenses, * * * the court may, in its discretion, prohibit the payment or collection of any such claims, demands, expenses or judgments in whole or in part, and shall enforce the restitution and recovery thereof if heretofore or hereafter paid, collected or retained by the person or party heretofore or hereafter receiving the same." Chapter 531, Laws 1881, as amended by chapter 673, Laws 1887, and chapter 301, Laws 1892.

The case of Latham v. Richards, 15 Hun, 129, is directly in point. There an action was brought to restrain the trustees of the village of Saratoga Springs from carrying out a contract for the purchase of certain land, and from levying a tax to raise the money therefor. After the commencement of the action a portion of the tax was collected and paid, and the plaintiff thereupon applied for leave to file a supplemental complaint setting forth the fact that such payment had been made, and asking that a further levy be enjoined, and that the persons who had received the money pay the same back to the village. The motion was denied, and on appeal the order was reversed and the motion granted; the court holding that such facts could be appropriately pleaded in a supplemental complaint. The

statute is a salutary one, and it should be liberally construed, to the end that taxpayers may receive the full benefit sought to be accomplished by it. It was determined on appeal (Bush v. O'Brien, 164 N. Y. 205, 58 N. E. 106) that the original complaint stated a cause of action. I do not believe, when the purpose of the statute under which the action is brought is considered, that that cause of action has been destroyed by the payment of the judgments.

For these reasons, I am unable to concur in the opinion of Mr. Justice HATCH. I think that the order, in so far as it denied the plaintiff's motion to bring in certain parties, and the service of a supplemental complaint on them, should be reversed, and the motion granted, and in other respects the order appealed from should be affirmed.

O'BRIEN, J., concurs.