(114 App. Div. 761)

### McNEIL v. BOARD OF SUP'RS OF SUFFOLK COUNTY.

(Supreme Court, Appellate Division, Second Department.　July 24, 1906.)

1. DISTRICT AND PROSECUTING ATTORNEYS—POWERS—AUTHORITY TO OFFER RE-
WARDS—STATUTES—CONSTRUCTION.

　　County Law, § 230, subd. 2 (Laws 1892, p. 1792, c. 686), providing that all
expenses necessarily incurred by the district attorney in criminal actions,
in his county are county charges, does not authorize a district attorney to
offer a reward to be paid by the county for evidence by which to secure
the conviction of an offense not yet committed, the same not being an
expense necessarily incurred in a criminal action.

2. SAME.

　　County Law, § 230, subd. 9 (Laws 1892, p. 1793, c. 686), providing that
moneys necessarily expended by any county officer in executing the duties
of his office, where no specific compensation is provided by law, shall be
county charges, does not authorize a district attorney to offer a reward to
be paid by the county for evidence by which to secure the conviction for an
offense not yet committed.

Appeal from Special Term, Suffolk County.

Action by R. Gordon McNeil against the board of supervisors of the
county of Suffolk. From an order dismissing the complaint on the
merits, and from an order granting defendant an extra allowance,
plaintiff appeals. Judgment and order reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
GAYNOR, and RICH, JJ.

W. W. Niles, for appellant.
Timothy M. Griffing, for respondent.

HIRSCHBERG, P. J.　This is a taxpayer's action, brought for the
purpose of preventing the defendant from auditing, allowing, and pay-
ing certain claims against the county for rewards offered by the dis-
trict attorney. The facts are undisputed. On the 15th of June, 1904,
a resolution was adopted by the defendant as follows:

"Resolved that this board request the district attorney to offer an addi-
tional reward of fifteen dollars ($15) for the violation of the New York State
Automobile Law."

Prior to the passage of that resolution, and under date of October
25, 1903, the district attorney had published the offer of a reward of
$10 to any person furnishing the evidence upon which a conviction
shall be had for the violation of chapter 625, p. 1418, of the Laws
of 1903, known as the "Bailey Law." After the passage of the resolu-
tion referred to, he published the offer of a reward as follows:

"In pursuance of a resolution of the board of supervisors of Suffolk county,
made on June 15, 1904, an additional reward of fifteen ($15) dollars is hereby
offered and will be paid to any person furnishing the evidence upon which a
conviction shall be had of any person for violating chapter 538, p. 1311, of the
Laws of 1904 of the state of New York, known as the 'Motor Vehicle Law.'
This additional fifteen ($15) dollars, coupled with the ten ($10) dollars hereto-
fore offered on October 26, 1903, and now in force, makes the total amount of
the reward now in force twenty-five ($25) dollars.
"Dated June 18, 1904."

It is undisputed that a great many claims for the reward referred to have been presented to the board of supervisors for audit, and that it is the intention of that board to audit and allow such claims. The learned Special Term has found that such claims have been presented by constables and deputy sheriffs of the county, who have made numerous arrests for the violation of the statutes referred to in the offers of reward, and that the district attorney had power to make the offer; and it dismissed the complaint on the theory that the rewards were lawful county charges.

I do not find any authority for the offer of the rewards by the district attorney. It is conceded that they were not offered in relation to offenses which had been committed at the time the rewards were offered, but that they were offered exclusively for the procurement of evidence of cases of offenses to be subsequently committed. The authority of the district attorney to create county charges, in so far as it exists, is created by statute, and seems to be limited to reimbursement for expenses actually and necessarily incurred by him in the prosecution of criminal actions arising in his county. The statutory provisions relating to the subject of county charges are now embodied in section 230 of the county law (Laws 1892, p. 1792, c. 686), and are as follows: "(2) All expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county." It would be a great strain of language to regard the offer of a sum of money to be paid by the county for evidence by which to secure the conviction of an offender for a crime not yet committed as an expense necessarily incurred by the district attorney in a criminal action.

It is claimed by the respondent that subdivison 9 of section 230 of the county law (supra) applies. That subdivision, however, only relates to "moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law." I do not think the offers in question can be regarded in any sense as moneys expended by the district attorney in executing the duties of his office. His duties are in the prosecution of offenses committed, and do not specifically include the prevention of crime in any other sense than as that duty devolves upon every good citizen.

In People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 31 N. E. 322, the subject of the power of the district attorney in incurring expenses as a county charge was thoroughly considered, and it was held that his power was ample in the incurring of expenses in the prosecution of criminal offenses which had been committed; but it was nowhere suggested that it included the power to incur expenses in anticipation of the commission of crime. Indeed, the learned counsel for the respondent cites no authority in this state in support of his contention that the offers of the reward were within the power of the district attorney. I may add that it is at least doubtful whether the claimants could obtain the rewards, even assuming they were offered by authority.

In Atwood v. Armstrong, 102 App. Div. 601, 92 N. Y. Supp. 596, it was held that a police officer was not entitled to any portion of a reward offered for the arrest of a criminal, inasmuch as it was his duty as such

officer to cause the arrest.    It may fairly be assumed that constables and other peace officers are bound to arrest violators of the law, where such violation is committed in their presence.

The judgment and order should be reversed, and a new trial granted; costs to abide the final award of costs.    All concur.