facie case for the plaintiff, the burden is upon the defendant to impeach its veracity, and if he is able to do this the issue is properly one for the jury. Under the ruling of the court there would be no redress for the defendant if an inaccurate meter should register a consumption calling for an impossible payment. The stipulation to pay as per meter presupposes that the meter is reliable and correct. I do not see why the defendant should be held to this inaccurate registration, and why, also, he should be held to account for the inaccurate readings of the plaintiff continued by its own admission for nearly three years.

The plaintiff can ask relief from its own error only to the amount of actual consumption. What this is must be determined on the basis of the horse power of the defendant. The plaintiff cannot hold the defendant to the letter, unless it can prove the continued accuracy of the meter by regular and standardized inspection. This it has wholly failed to do, and the defendant is entitled to relief. That he should be required to pay for an amount of current vastly greater than that consumed by him would be unjust. An increase of $1,650 a year on so small a business would be manifestly ruinous.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

## McNEIL v. BOARD OF SUP'RS OF SUFFOLK COUNTY.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. COUNTIES—COUNTY FUNDS—WRONGFUL PAYMENT — TAXPAYER'S ACTION — COMPLAINT.

After dismissal of a complaint in a suit by a taxpayer to restrain the auditing and payment of county warrants for rewards illegally offered by the district attorney for evidence leading to conviction for violating the motor vehicle law, and pending appeal, the warrants were audited and paid and a tax collected from the taxpayers of the county. After the rewards had been held illegal on appeal, complainant filed a supplemental complaint against the persons receiving the money, alleging that the payment was illegal, and praying, in part, reimbursement and return to the county treasury of the amount so paid, and that therefrom plaintiff be reimbursed the money illegally assessed against and collected on his property. Held, that such supplemental complaint alleged a sufficient cause of action under Laws 1881, p. 709, c. 531, as amended by Laws 1892, p. 620, c. 301, authorizing suit by a taxpayer to prevent and recover public funds illegally expended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Counties, § 308.]

2. PLEADING—SUPPLEMENTAL COMPLAINT—NEW CAUSE OF ACTION.

A taxpayer sued to prevent the illegal expenditure of county funds on certain warrants and after dismissal of the complaint and pending appeal the warrants were audited and paid. Complainant, after reversal, applied for leave to file a supplemental summons bringing in the parties to whom such warrants had been paid and the serving of a supplemental complaint on them to recover the money. Held, that such supplemental complaint was not objectionable as alleging a new and different cause of action from that originally pleaded, against persons not interested in the original action, and that complainant was entitled to file same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 838.]

Appeal from Special Term, Suffolk County.

Action by R. Gordon McNeil against the board of supervisors of Suffolk county. From an order denying defendant's motion for leave to serve a supplemental complaint and to bring in certain parties defendant by supplemental summons, he appeals. Reversed, and order granted.

See 114 App. Div. 761, 100 N. Y. Supp. 239.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

John J. Cunneen (William W. Niles, on the brief), for appellant.
T. M. Griffing, for respondent.

RICH, J. The plaintiff appeals from an order denying his motion that certain persons be brought in as parties defendant, that a supplemental summons issue and be served upon them, and that leave be granted to serve a proposed supplemental complaint upon the defendant and such proposed parties. The action was brought to restrain the defendant from auditing, directing, or allowing the payment of certain claims based upon rewards offered by the district attorney of Suffolk county to persons furnishing evidence upon which convictions were had of persons violating the provisions of chapter 625, p. 1418, of the Laws of 1903, known as the "Bailey Law," and chapter 538, p. 1311, of the Laws of 1904, known as the "Motor Vehicle Law."

The plaintiff, who sues as a taxpayer, has obtained an injunction order restraining the defendant during the pendency of the action from auditing, allowing, or directing the payment of the claims or rewards recited in the complaint. Upon a trial of the action the complaint was dismissed, and judgment entered in defendant's favor, which was reversed by this court on appeal (114 App. Div. 761, 100 N. Y. Supp. 239), and a new trial ordered. Subsequent to the time when the complaint was dismissed, and a few days prior to the entry of judgment, the defendant audited and allowed the claims and issued drafts for the payment of the same to 10 claimants, amounting to $2,300, which were paid on presentation by the county treasurer, and such sum thereafter levied and assessed against the towns in said county, and collected. The persons to whom such payments were made were deputy sheriffs and constables of said county, and the persons sought to be brought in as additional parties defendant are the county treasurer making such payments and the persons receiving and retaining the same. We held on the former appeal that neither the defendant nor the district attorney had any authority in law to offer these rewards, that they were not a valid county charge, and that the defendant had no jurisdiction or authority to audit or direct their payment. The proposed supplemental complaint alleges such audit, allowance, and payment by the defendant and county treasurer to be illegal official acts, beyond the powers conferred upon them by law, and not charges which the said board of supervisors had authority to allow or direct paid, either in whole or in part, and that the allowing and payment of said claims by the defendant and county treas-

urer and the receipt and retention of said money by the other proposed defendants was a waste of the public funds and properties of the county of Suffolk, etc. The relief demanded is, in part, the reimbursement and return to the treasury of said county of the $2,300 so illegally paid out by the treasurer and received by the claimants, and that therefrom the plaintiff be reimbursed the money illegally assessed against and collected from him or his property.

The allegations of the supplemental complaint clearly bring the action within the provisions of chapter 531, p. 709, of the Laws of 1881, as amended by chapter 301, p. 620, of the Laws of 1892, and, if sustained by evidence upon a trial, would entitle the plaintiff to the relief demanded; but it is contended that the audit and payment arose after the commencement of the action and constitute an entirely different and new cause of action from that originally alleged, that some of the persons sought to be brought in as additional parties defendant had no interest in the original cause of action, and that demands are sought to be enforced against all of the defendants which did not exist when the action was commenced (the relief asked being different and against different parties), by reason of which such supplemental complaint is not authorized, and the relief demanded is not within the power of the courts to grant; and Bush v. O'Brien, 58 App. Div. 118, 68 N. Y. Supp. 651, is cited in support of this contention. This decision was by a divided court. The facts were that several judgments were entered against the city of New York upon offers of judgment made by the corporation counsel, after the entry of which a motion was made in behalf of the city to vacate and set them aside upon the ground that they were improperly and irregularly entered, which motion was denied at Special Term, and its decision affirmed by the Appellate Division and Court of Appeals, after which the action was commenced and a temporary injunction granted restraining the judgment creditors from attempting to collect their judgments, which injunction was subsequently vacated. Thereafter peremptory writs of mandamus were issued to the comptroller, commanding the payment of said judgments, which he did. Afterwards a motion was made to bring in additional parties defendant and for leave to serve a supplemental summons and complaint, upon the ground that since the commencement of the action the judgments (payment of which it was sought to restrain) had been paid and satisfied of record, and that such payments or a part thereof had been received by the persons sought to be brought in as parties defendant. The motion was denied, upon the ground that the supplemental complaint stated an entirely new and different cause of action from that which existed when the action was commenced, and did not aver anything supplemental to the cause of action existing when the original action was commenced. Here no new cause of action is alleged in the proposed supplemental complaint, but rather additional facts to the effect that since the commencement of the action the claims, the audit and payment of which it was sought to restrain, have been paid, and from the time of such payment the only relief applicable or appropriate to the action is the restitution provided for by the statute under the provisions of which the action is brought. The read-

ing of this statute clearly demonstrates its sole object and purpose to be the protection of taxpayers by preventing the illegal use of public money or compelling its restoration when illegally paid, and I can see no valid reason why, when an action has been commenced to restrain an illegal official act, the result of which would be the illegal and unauthorized use of public money, and this result has been accomplished during the pendency of the action, appropriate allegations of such fact and a demand for such proper relief as the statute authorizes should not be alleged in a supplemental complaint, and, in the words of the statute, "the person or party receiving or retaining" such public money illegally be brought in as a party defendant and restitution compelled. This conclusion is supported by Latham v. Richards, 15 Hun, 129, and the authorities therein cited. It effectuates the obvious purpose and design of the statute by securing to taxpayers, without undue multiplicity of actions, the same result, viz., relief from contemplated or performed illegal official acts constituting waste of public money.

The order must be reversed, with costs, and the order applied for at Special Term granted, with costs.

Order reversed, with $10 costs and disbursements, and motion granted, with costs.

HOOKER, GAYNOR, and MILLER, JJ., concur. HIRSCH-BERG, P. J., concurs in result.