(165 App. Div. 836)

SHOEMAKER v. BUFFALO STEAM ROLLER CO. et al.    (No. 555–42.)

(Supreme Court, Appellate Division, Fourth Department.    January 6, 1915.)

1. TOWNS (§ 38*)—CONTRACTS—VALIDITY.
    A lease of a steam roller at an annual rental of $640 per year is invalid, as violative of Highway Law (Consol. Laws, c. 25) § 50, authorizing town superintendents to lease a steam roller at a rental of not to exceed $10 per day for 64 days in each year, where the lease was in fact a sale on installments, the rental to be applied to the purchase price.
    [Ed. Note.—For other cases, see Towns, Cent. Dig. § 72; Dec. Dig. § 38.*]

2. TOWNS (§ 61*)—CONTRACT—INVALIDITY.
    Where a town purchased a steam roller under a contract of conditional sale by which it agreed to pay the price in installments of $640 a year, and by the use of the steam roller effected considerable saving, although the conditional contract of sale was void, as violative of Highway Law (Consol. Laws, c. 25) § 50, authorizing a town to lease a steam roller at not to exceed $10 per day for 64 days each year, a taxpayer cannot, in a suit under General Municipal Law (Consol. Laws, c. 24) § 51, recover sums paid on the contract, since, to recover under the statute moneys paid out under an illegal contract, the taxpayer must show some actual damage.
    [Ed. Note.—For other cases, see Towns, Cent. Dig. § 104; Dec. Dig. § 61.*]

3. COSTS (§ 32*)—AWARD OF COSTS.
    Where plaintiff succeeded in establishing a material and controverted cause of action against defendant, an award of costs in his favor is proper.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Appeal from Equity Term, Steuben County.

Action by Egbert Shoemaker against the Buffalo Steam Roller Company, impleaded with others.   From a judgment of the Special Term (83 Misc. Rep. 162, 144 N. Y. Supp. 721), both plaintiff and the named defendant appeal.   Affirmed.

Cross-appeals by the plaintiff, Egbert Shoemaker, and the defendant, Buffalo Steam Roller Company, from such parts of a judgment of the Supreme Court as are designated in their respective notices of appeal, which judgment was entered in the office of the clerk of the county of Steuben on the 27th day of December, 1913, upon the decision of the court after a trial at the Steuben Equity Term.

Plaintiff, a resident taxpayer of the town of Campbell, in the county of Steuben, having the requisite statutory qualifications, brought this action under the provisions of section 51 of the General Municipal Law (Consol. Laws, c. 24; Laws 1909, c. 29) to restrain those defendants, who, at the time the action was begun, were the town officials constituting the town board of the town of Campbell and their successors in office, from paying or causing to be paid to the defendant Buffalo Steam Roller Company, and the latter from collecting and receiving from the town of Campbell, the amounts unpaid upon and specified in an agreement, set out in the complaint, for furnishing by the roller company to the town a steam roller, to procure the cancellation of said agreement, and to restrain said defendants from taking any action thereupon or thereunder, and further to require the defendants Turnbull, Platt, Evans, Burrows, Frederich, and Buffalo Steam Roller Company, "personally, individually, separately, and collectively," to repay, restore, and make good to the defendant town the sum of $1,280, funds of said town, alleged to have been illegally and unlawfully audited, allowed, and paid, and caused to be paid, upon the said agreement to the Buffalo Steam Roller Company.   The

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement, above referred to, was executed by the Buffalo Steam Roller Company and on behalf of the town by its superintendent of highways, the defendant Evans. It bears the written approval of the defendants Turnbull, Platt, Frederick, and Burrows, who were then members of the town board of the town of Campbell and were a majority thereof, as well as that of the county superintendent of highways of the county of Steuben. Other defendants are members of the town board who were not members of the board at the time the agreement was made.

The adjudicating provisions of the judgment are as follows:

"I. That the counterclaim set forth in the answer of the defendant Buffalo Steam Roller Company, to recover the sum of $138.10, and also to recover for moneys received by the defendant the town of Campbell, from the leasing of the steam roller, be and they hereby are dismissed.

"II. That the contract dated February 21, 1910, made between the Buffalo Steam Roller Company and the town of Campbell, referred to in the complaint and decision, be and the same hereby is adjudged and decreed to be illegal, null, and void, and the same is hereby canceled and annulled, and the defendant Buffalo Steam Roller Company is hereby directed and required to surrender up the said contract to the court to be canceled.

"III. That so much of the prayer for relief in the complaint and the complaint has asked or prays to have repaid, refunded, restored, and made good to the Town of Campbell the sum of $1,280 highway funds paid by said town to the defendant Buffalo Steam Roller Company, upon the said contract, and all other relief with respect thereto, be and the same hereby is dismissed, and any and all relief to the plaintiff with respect to the said moneys paid upon the said contract against any or all of the defendants, be and the same hereby is denied upon the merits.

"IV. It is further adjudged that as to the defendants other than the Buffalo Steam Roller Company and the town of Campbell the complaint is dismissed.

"V. It is further adjudged that the plaintiff Egbert Shoemaker recover of the defendant Buffalo Steam Roller Company his costs of this action, taxed at the sum of $193.02, and that he have execution therefor."

Plaintiff has appealed from the judgment, except as to the parts thereof contained in the above paragraphs numbered I, II, and V, and the defendant Buffalo Steam Roller Company has appealed from said judgment, except as to so much thereof as is recited in the paragraph numbered III thereof. The other defendants have not appealed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James O. Sebring, of Corning, for plaintiff.

Edward R. O'Malley, of Buffalo, for defendant Buffalo Steam Roller Co.

W. J. & G. W. Cheney, of Corning (James O. Sebring, of Corning, of counsel), for defendant Frank L. McCabe.

Herbert A. Heminway, of Corning, for defendants town of Campbell, Platt, and others.

ROBSON, J. [1, 2] Section 51 of the General Municipal Law gives to the taxpayer possessing the qualifications specified therein two distinct causes of action:

"The one to prevent an illegal official act on the part of an officer, which does not depend upon whether such illegal act would cause an injury to the municipal corporation or not; the other to prevent waste or injury to, or to restore and make good, any property, funds, or estate of such municipal corporation." Bush v. Coler, 60 App. Div. 56, 60, 69 N. Y. Supp. 770, affirmed, 170 N. Y. 587, 63 N. E. 1115; Bush v. O'Brien, 164 N. Y. 205, 215, 58 N. E. 106.

Plaintiff in this action has sought to avail himself of both of the remedies afforded by the statute. First. He asks that the agreement between the defendant Buffalo Steam Roller Company and the defendant town of Campbell be declared illegal and void, because, as he alleges, it was made without any power or authority on the part of the town officials, who assumed to make the contract for the town and to act for it in that behalf, to enter into such a contract. The future illegal acts of the town officials which he asks to have enjoined are the payments upon the contract, which under its terms would become due thereafter. Second. He demands that the defendants, who as town officials have allowed, audited, and paid to the defendant Buffalo Steam Roller Company, and also the latter defendant, be required to restore and make good to the defendant town the amounts paid upon the contract and pursuant to its provisions, being the sum of $640 for each of the years 1910 and 1911, which payments, as he alleges, were illegal and unlawful, whereby "the funds of said town have been and were wasted to that amount." The contract in question is, in effect, identical with that recently considered by this court in Gardner v. Town of Cameron, 155 App. Div. 750, 140 N. Y. Supp. 634. For the reasons stated in disposing of that case we think the trial court properly held that the contract now presented was illegal and void.

The second cause of action was also properly disposed of by the learned trial court. Its purpose being to compel restoration of town funds, alleged to have been wasted by making payments therefrom upon an illegal contract, it was necessary, not only to allege the waste of the funds, but to prove as a fact upon the trial the waste alleged. Bush v. Coler, supra. In that case the court considered the sufficiency of a taxpayer's complaint as a statement of a cause of action under the provisions of chapter 301 of the Laws of 1892, which was reenacted as section 51, above referred to. In the course of the opinion it is said:

"The complaint here alleges that the entry of judgment was unauthorized, as the offer upon which it was entered was without the consent of the comptroller; but as the judgment has been paid in pursuance of legal proceedings to enforce it, the only remedy that the court could grant would be to compel a restitution, if the facts alleged were sufficient to show that there had been waste or injury to the funds or property of the city, and there was no waste unless it appeared that the city was not justly indebted in the amount of the judgment; for, as was said in Bush v. O'Brien, supra, if the city was justly indebted in the amount stated in the judgment, there could be no waste."

For the same reason in the case now before us it was necessary for plaintiff to show that the town funds which he alleges were wasted were disbursed in payment of claims which had no substantial basis of benefit to the town for their support to the extent of the payments made thereon. But the court has found, upon evidence amply sustaining the findings, exactly the contrary state of facts. It is found that, while the contract was in form a lease of the steam roller by the roller company to the town, yet it was in fact a conditional contract for the sale and purchase of the machine, and the contract was made by the parties thereto in good faith. It was further found that the contract was designed and intended by the parties thereto to be a lease of the

steam roller at the rate mentioned in the contract, which rate, after investigation by the town officials and deliberation thereon, they had concluded was, as it was in fact, a reasonable charge for the rental thereof when in actual use; that it was suited to the needs of the town in the improvement and repair of its highways; that it was in fact used by the town in such repair and improvement of highways in each of the years in question the full number of days, for which payment was made at the agreed rate; that such use made by the town was beneficial to it and its taxpayers; that the use of the roller effected a considerable saving to the town as compared with the expense of similar repairs and improvements of its highways in the preceding year; that during the years it was used and payments made therefor the town was actually benefited by the use thereof to the amount paid for such use; and that during these years the town sublet the roller to other persons and received various sums for the use thereof. From these facts it clearly appears that these expenditures of the funds of the town were for town purposes, were reasonable in amount, and beneficial to the town in the legitimate and necessary performance of its function in caring for its highways. Upon these facts it must be held that plaintiff failed to establish a cause of action for funds wasted by the town officials.

The infirmity of the contract, which, as has been held, renders it illegal and void, is that it is in fact not a lease of the roller, but a contract for its conditional sale. As a contract of purchase it violates the requirements of the Highway Law prescribing the conditions and manner by which alone such a machine may be purchased by a town. But the same officials who made the contract in question had the authority to lease a roller for the use of the town in the repair and improvement of its highways. Highway Law (Consol. Laws, c. 25; Laws 1909, c. 30) § 50. The town has had the beneficial use of the roller, furnished by the roller company under a contract with the town, which, it is true, was illegal as made; but having enjoyed the benefit of its use, and the statute expressly authorizing a contract in behalf of the town for such use as was made of it, we think the town was liable upon a quantum meruit therefor, and that no recovery of the moneys paid in behalf of the town to the steam roller company should be had in this action. Kramrath v. City of Albany, 127 N. Y. 575, 28 N. E. 400; Moore v. Mayor, etc., of the City of New York, 73 N. Y. 238, 29 Am. Rep. 134.

The appeal of defendant Buffalo Steam Roller Company from that part of the judgment above quoted, designated as "I," was not urged by its counsel on the argument.

[3] Plaintiff having succeeded in establishing a material and controverted cause of action against the defendant Buffalo Steam Roller Company, the award of costs in his favor and against the company was proper.

The judgment should be affirmed, without costs of this appeal to any party thereto. All concur.