Walter R. Hart, J.
The third-party defendant insurance company, hereinafter referred to as the insurance company, moves for summary judgment dismissing the third-party complaint, wherein it is alleged among other things that the third-party plaintiff, hereinafter referred to as the husband, was an *277 insured under an automobile liability policy, originally issued to his wife, by virtue of the fact that the insurance company’s agent had agreed with the husband’s insurance broker, who was also the wife’s brother, to indorse the policy so as to add the husband as a named insured and to substitute in place of the auto formerly owned by the wife, which had prior thereto been discarded, the auto then owned by the husband, and that the insurance company should be held liable for legal expenses and for the payment of any judgment, within the policy limits, which may be obtained by the plaintiff in the principal action.
In support of the motion for summary judgment, the insurance company presents documentary evidence as proof that the indorsement above alluded to was actually issued by the insurance company, apparently through the same agency, on the 26th day of January, 1953, effective as of the 22nd day of January, 1953. It is the husband’s contention that the indorsement should have been issued and the changes made in the policy prior to January 17, 1953, the date of the accident from which the instant action evolves.
The broker, also a defendant in the main action and in default therein, has submitted an affidavit on behalf of the husband wherein he states that pursuant to the advice of both husband and wife, and upon the husband’s request made on or about January 6, 1963, he ‘1 immediately contacted the [insurance agency] * # * and arranged to have the policy ” indorsed as above claimed. It is evident that some further factual detail could have been furnished. However, the court cannot find that the broker’s statement lacks probative value; it is sufficient under the circumstances to raise an issue.
While the insurance company’s agent denies, by affidavit of the individual who was president of the agency in 1953, having made any arrangement with the broker prior to the date of the accident to indorse the policy to cover the husband and to substitute autos, it has not been disputed that the agency had the power and authority to make such a binding commitment or arrangement upon the request of the broker of record prior to the issuance of the formal written indorsement.
The insurance company, grounding its motion upon the fact that no indorsement was ever issued, cites in support of its position the following provision in the policy pertaining to changes: “changes: No notice to any agent, or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy; nor estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, *278 except by indorsement issued to form a part hereof, signed by a duly authorized representative of the company.”
The third-party complaint proceeds upon the theory that the insurance company’s agent agreed to make the afore-mentioned changes, and not upon the theory of waiver by virtue of notice to or knowledge by the agent. That the policy provides that no changes may be effected except by indorsement signed by a duly authorized representative, is no bar to the husband’s action, since it may be shown that the agency had the power to make the changes sought by agreement with the broker, and that therefore the agency had the power to waive the provision.
It has long been established that a ‘ ‘ party to a contract, containing a provision that it shall not be modified or changed except by a writing signed by him, may by conduct estop himself from enforcing the provision against a party who has acted in reliance upon the conduct, and so the acts of an agent, who possesses the power of the principal, or who has been held out by the principal to possess his power, in respect to the provision alleged to have been altered or changed, may also estop his principal.” (Bishop v. Agricultural Ins. Co., 130 N. Y. 488, 496.)
It has also been stated by the Court of Appeals that “ [s]uch waiver may be established by a course of conduct which gives rise to an estoppel or by word or act of a duly authorized agent ” (Drennan v. Sun Ind. Co., 271 N. Y. 182, 187).
Whether or not the agency in the instant situation had specific or apparent authority to waive the condition that the change be in writing is a question of fact. (Biloz v. Tioga County Patrons’ Fire Relief Assn., 21 N. Y. S. 2d 643, 648, affd. 260 App. Div. 976.)
Each case of this type must stand upon its own facts “ and be decided on its own peculiar merits. ‘ The determination of the question depends on the rank and authority of the agent, and the subject-matter with reference to which he assumes to act.’ Smaldone v. President, etc., Insurance Co. of North America, 162 N. Y. 580, at 583, 57 N. E. 168 ”. (Biloz v. Tioga County Patrons’ Fire Relief Assn., supra, p. 649.)
In view of the court’s determination herein, it would be pointless to discuss the other questions raised on the motion. The motion is denied. Settle order on notice.