■ JONES CHEMICALS, INC., Appellant, v. CITY OF BINGHAMTON, Respondent.— AULISI, J. Appeal from a judgment of the County Court of Broome County which dismissed plaintiff's complaint. The plaintiff, a seller of industrial chemical products including an activated carbon called Aqua Nuchar used to remove undesirable tastes and odors from drinking water, brought this action to recover the difference between the reasonable value of a quantity of Aqua Nuchar sold and delivered to defendant on different occasions in 1962 and the price erroneously billed therefor. The deliveries were made as orderd by the defendant by letter or telephone without any mention of price and payments were made as invoices were received by the city. In 1959 shipments were sent at $180 per ton; in 1960 at $162.80 per ton; and a shipment in March, 1962 at $225 per ton. From May 15, 1962 through November 29, 1962 the above-mentioned eight shipments were mistakenly billed at $42.60 per ton instead of $212. None of these sales were preceded by competitive bidding. Section 103 of the General Municipal Law requires municipalities to advertise for bids on all purchase contracts involving an expenditure of more than $1,000. Two questions are presented here, (1) whether said section 103 has been violated, and, if not, (2) whether plaintiff can recover the difference through rescission and restitution. In our view the eight deliveries did not constitute one contract but eight separate transactions and the first seven of the disputed purchases do not violate section 103 for the reason that even at the corrected price each was under $1,000 (see *Rason Asphalt* v. *Town of Oyster Bay*, 6 A D 2d 810). The record before us discloses that there was no standing order; the

need was unpredictable; when needs occurred, as in cases of pollution, orders were placed. Indeed, it was not desirable to stockpile this particular substance and thus caution against oversupply was necessary. No single agreement was made to supply the city's needs for 1962 and the price per ton may have varied with each shipment. We find, however, that the last purchase (Nov. 29, 1962) computed at the correct price does exceed the $1,000 limit and is void and, therefore, no payment whatever may be made on any basis (18 Op. State Compt. 302 [1962]). We also conclude that on the facts here the city's contention that plaintiff's mistakes in billing preclude recovery on the other seven contracts had no merit. True, the general rule is that "ordinarily where the contract is an executed one, and the *status quo* cannot be restored, the mistake must be mutual to be made the basis of relief" (*Livingston* v. *New York Life Ins. & Trust Co.*, 13 N. Y. S. 105; Clark, New York Law of Contracts, § 83), and that change of position by the nonmistaken party, which precludes restoration of the *status quo* prevents relief, unless the "clearest and strongest equity imperatively demands it" (*Abner M. Harper, Inc.* v. *City of Newburgh*, 159 App. Div. 695, 697). It is our opinion that this is a case that falls within the quoted passage. Professor Williston points out that "In two classes of cases mistake of one party only to a contract undoubtedly justifies affirmative relief as distinguished from a mere denial to enforce the contract specifically against him: (1) Where the mistake was known to the other party to the transaction." (5 Williston, Contracts [rev. ed.], § 1573.) A similar position is taken in the Restatement, Restitution (§ 12, *Comment c*) where it is pointed out that "Where the transferee knows or suspects the mistake of the transferor, restitution is granted if, and only if, the fact as to which the mistake is made is one which is at the basis of the transaction". (See, also, *Rason Asphalt* v. *Town of Oyster Bay, supra.*) All the relevant factors here point to the conclusion that plaintiff should recover. The city was aware of the price differential but said nothing. The mistake was a material one. The error was genuine and understandable. Plaintiff was also supplying the city with another product and the figure for that product was mistakenly used as the price for the transactions here in question. As soon as the mistake was discovered, plaintiff promptly informed the city. Even if we were convinced of plaintiff's negligence, punishment is not inevitable unless the city detrimentally relied thereon. There is no evidence that the city would have refused the shipments had the billing been correct. Plaintiff is the sole distributor of the product in New York and the city needed it to make the water more palatable. The city's own witness testified that the price had no effect on his ordering practices. There was an enormous difference between the erroneous figures and previous prices. Past purchased were 400% to 500% more than the erroneous figures — one of these being only two months before the first erroneously billed sale. Judgment modified, on the law and the facts, so as to grant judgment for plaintiff in the sum of $2,177.94, with interest from the 19th day of September, 1963, and, as so modified, affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Staley, Jr., JJ., concur. [47 Misc 2d 332.]