Per Curiam.

The plaintiff corporation received a letter in February, 1963, from the then Commissioner of Public Works of the City of New York (not a named defendant in this action), advising it of plans of the Highway Department to grade, pave and lay sidewalks in the vicinity of the New York City Terminal Market in the Hunts Point Section of The Bronx, the cost of which would be at the general public expense and not by assessment against abutting property owners. The letter noted that the work of paving and laying sidewalks would be in conformity with the established legal grade; but since the plaintiff’s property, among others, had been improved in conformity with grades other than the legal grade, minor adaptations would have to be effected on plaintiff’s property to harmonize existing land slopes and improvements with the sidewalks to be laid at legal grade. The letter enclosed a form of authorization permitting the city’s contractor to enter upon plaintiff’s property and carry out the indicated work of adaptation; all obstructions on plaintiff’s property, such as fences, interfering with the work to be removed by the city’s contractor at no expense to the owner. Plaintiff duly executed and returned the form of authorization which the then Commissioner of Public Works had enclosed; and, in prosecution of the indicated work, the contractor thereafter entered upon plaintiff’s land. Some two and a-half years later, in November, 1965, plaintiff was notified by the Department of Highways of the City of New York of *165 the lack of a sidewalk in front of its premises and its obligation under section 230 of the City Charter to install such sidewalk or become liable for the cost of such installation by the city. The plaintiff, relying on the February, 1963 correspondence between it and the then Commissioner of Public Works, claimed a contractual undertaking by the city exempting plaintiff from liability for the cost of the sidewalk. The city regretfully advised plaintiff that the February, 1963 letter of its then Commissioner of Public Works had been based on a misconception and erroneous view of the law and that the city was prohibited from assuming the cost of sidewalk improvements which, under the correct view of the law, was the inescapable obligation of the abutting property owner. Plaintiff installed the required sidewalk in front of its premises at a cost of $2,250, which it now seeks to recover in damages from the City of New York and Bradford W. Clark as Commissioner of the Department of Public Works of the City of New York, upon an alleged breach of contract and by reason of fraud and deceit.
Judgment was given after trial for the plaintiff against the City of New York. No mention is made in the record of any disposition of whatever claim may be inferred to have been asserted against the defendant Bradford W. Clark, etc. The title of the action has not been amended to delete his name as a defendant, nor has the implied cause of action against him been discontinued or dismissed, nor does the decision or judgment make mention of him, other than to persist in retaining his name as a defendant in the title. Clearly no cause of action is stated, nor any semblance of proof offered from which a cause of action may be inferred, against Bradford W. Clark, etc., who was not the Commissioner of Public Works of the City of New York at the time plaintiff’s alleged causes of action arose. Judgment should have been granted the defendant Bradford W. Clark, etc., dismissing the complaint against him.
The cause of action in fraud and deceit against the City of New York because of the alleged misrepresentation by its then Commissoner of Public Works that “ the complete cost of the work will be borne by the City of New York and will not be assessed against the abutting property owners” does not lie; for one thing, at the worst, it is a misstatement of a matter of law presumed to be so well within the knowledge of plaintiff as to prevent it from being deceived thereby. A long, impressive line of cases beginning with McDonald v. Mayor (68 N. Y. 23) has firmly established as fundamental the principle that one dealing with a municipality through its officials must take *166 great care to learn the true nature and extent of their power and authority. One relies on the self-asserted, naked representation of an official’s power and authority to hind the municipality at one’s peril. It is recognized that this principle has worked hardship in the past and may in the future, but it is a rule of necessity that moral obligations alone cannot bind the municipality since “ no legal obligation arose.” (Seif v. City of Long Beach, 286 N. Y. 382, 389; 40 N. Y. Jur., Municipal Corporations, §§ 822, 825.) It is indisputable that the Commissioner of Public Works in 1963 had no authority to waive the provisions of law requiring abutting owners to bear the cost of sidewalk improvements and “ an unauthorized act of a public official precludes an action in deceit ” (Brill v. Wagner, 5 Misc 2d 768, 771, citing Lindlots Realty Corp. v. County of Suffolk, 278 N. Y. 45).
Turning to plaintiff’s allegations of a breach of contract, it is to be noted that the only discernible consideration possibly running from plaintiff to the city for the latter’s supposed promise to waive the requirements of law and lay a sidewalk at the general public expense, is the plaintiff’s authorization to the city’s contractor to enter upon plaintiff’s property for prosecution of the work of grading the abutting street. But plaintiff was legally bound by the provisions of the Administrative Code of the City of New York to permit such entry upon its property for the work in hand in any event, and it is elementary that doing or promising to do what one is already under legal obligation to do can never constitute valuable consideration.
Even if we pass the infirmities inherent in the assumed exchange of promises, or promise and performance, between plaintiff and defendant city, as well as the constitutional prohibition against gifts by the city to a private corporation (N. Y. Const., art. VIII, § 1), we find the city had no capacity to contract for a sidewalk improvement such as was here contemplated except upon terms approved by the Board of Estimate (New York City Charter, § 230, subds. a and e). The admitted absence of Board of Estimate approval nips in the bud any claim of the burgeoning of a contractual relationship between plaintiff and the defendant City of New York.
If the exchange of writings between plaintiff and the Commissioner of Public Works upon which plaintiff relies to spell out its claim of contract, with the city, be so stripped of its character as to fall outside the embrace of section 230 of the charter and then so tortured out of context as to be construed as the furnishing of work and materials by plaintiff to the city *167 at the latter’s request in a sum less than $2,500, it escapes the requirement for submission as a sealed bid for public letting (New York City Charter, § 343, subd. a) but runs afoul of the requirement that though it ‘ ‘ may be procured on order awarded to the lowest responsible bidder upon bids submitted” (§ 344, subd. a) * * “no expenditure for work, labor * * * shall be made unless the necessity therefor be certified to by the agency for the use of which they are intended.” (§ 344, subd. b.) The impediment arising from the lack of the Comptroller’s certification of an unexpended appropriation to pay for the contract is removed, when the amount involved is less than $2,500, only when the contract is by public letting. (Administrative Code of City of New York, § 93c-3.0.)
Under no view of the correspondence between plaintiff and the Commissioner of Public Works can the city be held bound by contract to reimburse plaintiff for the cost of laying the sidewalk abutting upon its premises.
The judgment in favor of plaintiff against the defendant City of New York is reversed and judgment is directed to be entered dismissing the complaint against the City of New York and Bradford W. Clark as Commissioner of the Department of Public Works of the City of New York, with $30 costs.