Per Curiam.

In September, 1969, the Board of Education advertised for bids to rebuild a brick chimney at Public School No. 41, Richmond. On September 16, 1969, which was the bid opening date, plaintiff submitted a bid that turned out to be the lowest. On September 18, 1969, plaintiff received a letter by certified mail directing it to proceed immediately with work. The letterhead of this missive is that of the Board of Education, Office of School Buildings. It was signed by Hugh S. Houston, Director, Bureau of Maintenance. On September 26, 1969, plaintiff was sent another letter bearing the same letterhead and subscribed by the same individual which stated that the letter, dated September 18, 1969, is hereby rescinded. This second letter gave as reason for the rescission the advice to the writer’s office by the City Comptroller that the “ contract was not properly advertised in the City Record for a period of ten days as required by law, and accordingly, the contract will not be registered for payment.” It is noteworthy that this letter also stressed the urgency of the work and advised plaintiff to contact the Office of School Buildings if it was interested in performing the work by means of an “ Oral Order ”.
Thereafter this suit was brought for breach of contract (alleging damage in the amount of $4,000) and for work, labor and services performed at the school in the sum of $4,000, the alleged reasonable value of such work, labor and services.
Patently, the work, labor and materials involved herein could be obtained only by contract on public letting founded on sealed bids under such regulations as made by the Board of Estimate (New York City Charter, § 343; cf. General Municipal Law, § 103). Pursuant to resolution of the Board of Estimate, bids for contracts shall be solicited by public advertisement in at *282 least 10 successive issues of the City Record with certain exceptions (Board of Estimate Resolution No. 318-A, as amd. by § 1. [a]). Plaintiff, on this record, does not dispute defendant’s declaration that the invitation for bids was not properly advertised. Accordingly, as the specified manner for the making of a valid contract was not adhered to, the contract is invalid. “ No implied contract to pay for benefits furnished by a person tinder an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city ” (Seif v. City of Long Beach, 286 N. Y. 382, 387). As the public letting of the contract was not in accordance with the applicable regulations made by the Board of Estimate, no authority to make the contract existed. ‘ ‘ The doctrine of implied contract cannot be invoked to do rough justice and fasten liability where the legal requirements specifically prohibit ” (Lutzken v. City of Rochester, 7 A D 2d 498, 499 [4th Dept., 1959]). Plaintiff has clearly demonstrated the equities of its claim. This, however, is insufficient to create liability on defendant’s part (Seif v. City of Long Beach, supra; Lutzken v. City of Rochester, supra; Steiner Egg Noodle Co. v. City of New York, 63 Misc 2d 163 [App. Term, 1st Dept.], affd. 34 A D 2d 892).
The absence of legal remedy may not, of course, bar plaintiff from applying to the Board of Estimate for consideration of the claim on equitable grounds as provided in section 93d-3.0 of the Administrative Code of City of New York. The manifest nature of the equitable grounds demonstrated by plaintiff on this record prompts the observation that plaintiff would be clearly entitled to relief were the defendant other than a governmental agency.
The order granting plaintiff summary judgment should be reversed, without costs; plaintiff’s motion for summary judgment denied, and defendant’s cross motion for summary judgment granted.