■    PROSPER CONTRACTING CORP., Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK (P. S. 41, RICHMOND), Respondent.— Order, Appellate Term of the Supreme Court, First Department, entered February 13, 1973, which, by a divided Bench, reversed an order of Civil Court, and granted summary judgment to the defendant, affirmed, without costs and without disbursements. The plaintiff proceeded to perform work for the defendant without proper authority. While plaintiff has established the equities of his claim, there is insufficient to create legal liability on the part of the defendant Board of Education, since there has not been full compliance with the statutory requirements (*Seif* v. *City of Long Beach,* 286 N. Y. 382, 387; *Steiner Egg Noodle Co.* v. *City of New York,* 63 Misc 2d 163, affd. 34 A D 2d 892). It must be emphasized, however, that the absence of legal remedy does not mean that plaintiff is without relief. He may still pursue consideration of his claim

on equitable grounds pursuant to section 93d–3.0 of the Administrative Code of the City of New York. Concur — Murphy, Capozzoli and Lane, JJ.; Kupferman, J. P., dissents in part in the following memorandum: There is no dispute as to the facts, which are set forth as follows from the dissenting memorandum of Presiding Justice Markowitz in the Appellate Term (73 Misc 2d 280, 282): "Defendant advertised for bids to rebuild a chimney for a public school. When plaintiff's $9,400 bid was found to be lowest, defendant by certified mail ' directed ' plaintiff ' to proceed immediately' with the performance of the work (letter, Sept. 18, 1969). The need for speed was emphasized by the sentence in the letter reading: 'It is imperative that this work .be undertaken immediately and progressed expeditiously.' The letter was subscribed by the Director of the Bureau of Maintenance and approved by the Director of the Division of Maintenance and Operation. Plaintiff complied with this urgent appeal. For its pains, some eight days later, namely, on September 26, 1969, the same Director of the Bureau of Maintenance who urged speed in his earlier letter wrote that the Comptroller refused to register the contract because the advertisement for bids had not been advertised in the *City Record* for 10 days. But again, the Director observed that the work was 'urgent and must be undertaken without further delay.' In the interval between the letters plaintiff had performed a substantial amount of work. Defendant refused to pay for this work, and despite the apparent urgency, refused to permit plaintiff to perform further work; and plaintiff now sues for its damages." As Judge Picariello stated in the Civil Court in granting summary judgment to the plaintiff on that part of the action for *quantum meruit,* "Even though the contract sued upon may be unenforceable because of *defendant's* admitted failure to comply with and [*sic*] all of the details of the By-Laws of the Board of Education and by reason of insufficient advertisement *on its part,* as it alleges, the Court is of the opinion that plaintiff who in good faith and upon the written direction of the Director of the Bureau of Maintenance of the Board of Education proceeded immediately with the performance of the subject project is entitled to recover the reasonable value of the work, labor and services rendered by it, and materials furnished, from September 18, 1969, the date of. the direction (supra) to September 26, 1969, the date of the rescission. It ill behooves the defendant to assume the posture it does on all the above uncontroverted facts. However, it is the Court's opinion that plaintiff may not recover for anticipated profits." The Appellate Term in a 2 to 1 decision reversed, and granted summary judgment to the defendant. In the case of *Gerzof* v. *Sweeney* (22 N Y 2d 297) the Court of Appeals fashioned an equitable remedy for the purpose of allowing compensation to the bidder to the extent of the benefit to the defendant village, despite the fact that the plaintiff was involved in evasion of statute bidding requirements. (Cf. *S. T. Grand, Inc.* v. *City of New York,* 32 N Y 2d 300.) In the case at bar, we have an a fortiori situation for the bidder, and it should be entitled to the reasonable value of the work, labor and services rendered by it and the materials furnished. [73 Misc 2d 280.]