Frederic E. Hammer, J.
In this action on a contract, plaintiff and defendant have agreed to submit the causes of action upon a stipulated statement of facts.
On November 4, 1971, pursuant to a public bid award, the parties entered into a written contract in which plaintiff was to furnish defendant hospital corporation with diaper and washcloth service for the Queens Hospital Center (hereafter Hospital). The contract was designated as purchase order No. 01-2-00827 and the original term was for a period of one year. This purchase order was signed by Leonard Katz, the director of procurement for the Hospital corporation, at the place designated as "Authorized Signature”. A provision of the contract reads "Risk of Loss”: "Supplier shall assume risk of loss or damage to the articles delivered and picked up under the service required herein.”
After the contract award, representatives of the plaintiff and representatives of the Hospital met to discuss the risk of loss clause. Mr. C. T. Sweeney, associate executive director of the Hospital, agreed orally to modify the risk of loss clause, because of a serious security problem at the Hospital, as follows: defendant corporation was to reimburse plaintiff for lost inventory over and above a 3% loss allowance at a rate of 10 cents for each lost item above the allowance.
Service commenced on November 22, 1971, and shortly thereafter, due to a high-loss incidence of washcloths at the Hospital, plaintiff and Mr. Sweeney agreed to eliminate the washcloths from the contract. After inventory, plaintiff rendered a bill to the Hospital for $808.40, representing lost washcloths less a 3% loss allowance. Plaintiff was paid by check accompanied by a written payment invoice signed by Mr. C. Van Horne, director of purchases of the Hospital, as the authorized signature.
*118 On July 26, 1972 an inventory was taken for diapers and a subsequent bill was rendered by plaintiff to the Hospital for $656.50, representing inventory loss less the 3% loss allowance. Again, the bill was paid by the Hospital, accompanied by a written payment invoice signed by Mr. Van Horne. Both payments totaled $1,464.90.
After the contract expired, plaintiff again bid for and received a one-year contract to service the Hospital. A new purchase order No. 01-3-01359 was executed on January 29, 1973 and signed by Mr. Leonard Katz on behalf of the Hospital corporation. The same risk of loss provision was a part of said contract.
On September 24, 1973 plaintiff took an inventory and submitted a bill for $3,096.10, representing lost diapers less a 3% allowance. An additional inventory loss amounted to $1,017.20. Neither of these losses were paid by the defendant Hospital corporation.
Thereafter, a bill was rendered by plaintiff to defendant in the amount of $2,014.50, representing the last three months’ service on the contract. This bill was not paid. Defendant Hospital corporation then tendered a check in the amount of $549.60 to plaintiff which was not accepted or deposited. Defendant claimed a credit of $1,464.90, the amount previously paid for inventory losses, and deducted that amount from the bill for services rendered in the last three months of the contract. Defendant took this action contending that only Mr. Leonard Katz was authorized to modify a provision of the written contract and such a modification required a written change order as provided by the terms and conditions of the original contract.
Thereafter, plaintiff brought this action for the sum of $2,014.50, the balance claimed for work, labor and services on the contract with the defendant Hospital corporation entered into on January 29, 1973, as well as for loss of inventory in the sum of $4,113.30. Defendant counterclaimed against plaintiff for the sum of $1,464.90, representing payments made for inventory losses.
Plaintiff contends that notwithstanding the written clause prohibiting oral modifications, such a contract may be orally modified or changed (Beatty v Guggenheim Exploration Co., 225 NY 380; Drennan v Sun Ind. Co. of N. Y, 271 NY 182; Biloz v Tioga County Patron’s Fire Relief Assoc., 21 NYS2d 643, affd 260 App Div 976; Alcon v Burton Realty, 2 AD2d *119 454), and that plaintiff placed reliance upon the conduct of defendant’s agent who was acting within the scope of his authority and who orally modified the written contract, thereby binding the defendant (Reese v Schneider, 26 Misc 2d 276).
While these cases hold that a contract may be orally modified despite a written provision to the contrary, none of them involve contracts with a public corporation such as the defendant herein. Contracts with public corporations require public bidding and each contract inherently involves the public policy (General Municipal Law, § 100-a).
A public corporation cannot be bound by the acts of an employee exceeding the scope of his authority. (Prosper Contr. Corp. v Board of Educ. of City of N. Y., 73 Misc 2d 280, affd 43 AD2d 823; Steiner Egg Noodle Co. v City of New York, 63 Misc 2d 163, affd 34 AD2d 892.) In Oakhill Contr. Co. v City of New York (262 App Div 530), the parties entered into a contract containing a clause providing that acceptance of final payment by the contractor was a release of all claims arising out of the contract. The contractor accepted oral assurances by a clerk in the comptroller’s office that it could accept final payment and still reserve its rights under the contract. The court in its decision stated (p 533): "It cannot be seriously urged that a disbursing clerk in the comptroller’s office had authority to make any contract for the City of New York, or to modify any contract made by the city. The comptroller himself would have no power to modify a contract or to waive any of its provisions.”
Plaintiff evinces that, by the defendant’s ratification of the oral modification, it is now estopped from denying its validity. (Salmon v Rochester & Lake Ontario Water Co., 120 Misc 131.) This argument is without foundation. The courts have consistently denied recovery to contractors for work performed without compliance to contract provisions. (Langley v Rouss, 185 NY 201; Bewley v City of Lockport, 239 App Div 751; City Structural Steel Corp. v Martone, 20 AD2d 922.)
In this case, plaintiff was aware that under the terms of the contract plaintiff assumed risk of loss. Any change in the contract terms necessitated a written change order. By accepting an oral assurance, plaintiff assumed the risk.
Plaintiff avers that defendant may not recover moneys already paid. (Shoemaker v Buffalo Steam Roller Co., 165 App Div 836.) This argument cannot be supported. The court in the *120 Shoemaker case (supra) relied upon quantum meruit. In Jered Contr. Corp. v New York City Tr. Auth. (22 NY2d 187, 193), the Court of Appeals unanimously stated: "we have consistently held, primarily on public policy grounds, that, where the city fathers have deviated from the statutory mode for the expenditure of funds and letting of contracts, the party with whom the contract was made could not recover in quantum meruit or quantum valebat.”
Here there was a deviation from the regular requirements for the modification of a contract with a municipal corporation. There is no difference in the ultimate consequence between a case where a contractor has been paid under an illegal contract and one in which payment has not yet been made. The contractor should be required to return the payment unlawfully received. (Gerzof v Sweeney, 22 NY2d 297.) Absolute honesty is a prime ingredient in bidding and obtaining a public contract; absent that a Pandora’s box could well be opened. With that element in mind, the court must prohibit any oral modifications of a public contract.
The court, however, finds that plaintiff did perform work, labor and services for the defendant during the last three months of the contract and is entitled to payment for these services.
Accordingly, the court finds in favor of plaintiff on its first cause of action in the sum of $2,014.50 and in favor of defendant on the second cause of action. The court finds in favor of defendant in the sum of $1,464.60 on its counterclaim.