Per Curiam.

The statutory provisions controlling at the time this contract was let, in 1971, required that public works contracts involving the expenditure of more than $2,500 be awarded only after appropriate competitive bidding (City Charter, § 343, subd a; General Municipal Law, § 103, subd 1). As a general rule, failure to comply with these statutory requirements for competitive bidding renders a public works contract in excess of $2,500 invalid (Prosper Contr. Corp. v Board of Educ., 73 Misc 2d 280, 282, affd 43 AD2d 823), and precludes any recovery by the vendor either on the basis of the contract or in quantum meruit. Instead, the municipality *120 is entitled to recover all amounts paid under the illegal contract (see S. T. Grand, Inc. v City of New York, 32 NY2d 300, 305). Such general rule does not apply, however, to the case of services to be performed for an indefinite period involving no obligation on the part of the municipality to continue the services, and a recovery may be had in such instance even though the aggregate cost of the services exceeds $2,500 (Swift v Mayor, etc. of City of N. Y, 83 NY 528, 537; People v Kane, 161 NY 380, 387; Jones Chems. v City of Binghamton, 26 AD2d 710, affd 20 NY2d 808; Rason Asphalt v Town of Oyster Bay, 6 AD2d 810; Anderson v City of New York, 258 App Div 588, 590-591).
Plaintiff asserts that the agreement to provide security guards for the defendants was of indefinite duration and subject to cancellation by either párty upon reasonable notice. Moreover, the documentary evidence conclusively demonstrates that the contract was, in fact, summarily terminated by way of a letter and that billing, up to termination, had been on a weekly basis, for amounts that fluctuated with the extent of the services rendered but never in excess of $550 for any single week. Defendants’ papers in no way controvert these facts and seek to render the agreement invalid because the total cost of the services exceeded $2,500.
In such posture, the court below correctly found that the contract was one for services for an indefinite period, terminable at the will of either party, and thus within the exception enunciated in Swift v Mayor, etc. of City of N.Y. (supra) and its progeny. Such agreement not being proscribed by the competitive bidding requirements, the affirmative defense and counterclaim were properly dismissed.
In view of the finding that there is no meritorious defense to the action, the affirmative relief sought by plaintiff should properly have been granted. Since defendants in no way dispute either the extent of the services rendered or the amount for which billed, this court will direct judgment as the lower court should have done for the remaining balance due under the agreement.
Orders, entered April 30, 1975 (Bissell, J.) modified to the extent of reversing the denial of plaintiff’s cross motion for summary judgment, granting summary judgment to the plaintiff in the sum of $6,854 and, as modified, affirmed, with $10 costs to plaintiff.
*121 Concur: Markowitz, P. J., Hughes and Riccobono, JJ.